CORNELIUS MAHONEY

vs.

ATLANTIC & ST. LAWRENCE RAILROAD COMPANY.

*Action. Defendant corporation not liable for management of its road while leased. Railroad.*

By virtue of their lease of the Atlantic & St. Lawrence Railroad the Grand Trunk Railway Company, for certain purposes, became owners of the road leased, *pro hac vice.*

While the lessees operate that road under their lease, the lessors are not liable under their charter or the statutes of the State, for an injury sustained thereon by a passenger, caused by the wrongful acts of the agents or servants of the lessees toward him.

Nor is there, in such case, any privity, either of contract or by implication of law, between the passenger and the lessors as common carriers of passengers, by which they are rendered liable for such an injury.

The remedy of the passenger, for an injury thus caused, is against the lessees who had the exclusive use, care, direction and control of the road, whose agent the alleged wrong-doer was, and with whom alone the passenger contracted.

ON EXCEPTIONS to a ruling of the justice of the superior court. TRESPASS for on assault upon the plaintiff and expelling him

from a train running over the defendants' road. It appeared that the road was then operated by the Grand Trunk Railway Company of Canada, under a lease from the defendant corporation. The judge was asked to instruct the jury, that if they found that the defendants had leased their road to the Grand Trunk Railway Company, and it was operated by the latter corporation, under such lease, at the time the acts complained of were done, then this action could not be maintained; but the presiding justice held the contrary, and a verdict having been rendered for the plaintiff for $700, the defendants excepted.

*J. & E. M. Rand*, for the defendants.

*S. C. Strout* and *H. W. Gage*, for the plaintiff, cited *Whitney* v. *Atlantic & St. Lawrence Railroad Company*, 44 Maine, 362; *Stearns* v. *Same*, 46 Maine, 117.

DICKERSON, J. The principal question reserved is whether this action is maintainable against the defendant company.

The Atlantic and St. Lawrence Railroad Company leased its entire road to the Grand Trunk Railway Company of Canada in 1853 under the authority of an act of the legislature. That act contained the following provision: "Nothing in this act, or in any law or contract that may be entered into under the authority of the same, shall exonerate the said company, or the stockholders thereof, from any duties or liabilities now imposed upon them by the charter of said company, or by the general laws of the State, nor shall any thing herein contained, in any manner limit or circumscribe any power of the legislature of this State to enact laws, affecting the rights, privileges, or duties of said company." Special Laws of 1853, c. 150, § 1.

The charter of the company, § 1, provides that it shall have all the powers, privileges and immunities, and be subject to all the duties and liabilities, provided and prescribed respecting railroads in c. 81, of the revised statutes of 1842. Section 21 of that chapter makes railroad corporations liable for all damages sustained

by any person in consequence of any neglect of any of their agents. R. S., c. 51, § 35, subjects railroad corporations to liability for injuries occasioned by the negligence or carelessness of any person employed in conducting their trains.

For injuries thus occasioned there is no question but the defendant company would be liable, notwithstanding the lease of their road. It was held in *Whitney* v. *Atlantic & St. Lawrence Railroad Company*, 44 Maine, 367, that the defendant company are liable under their charter obligation to maintain sufficient fences, and in *Stearns* v. *Same*, 46 Maine, 117, that the lease does not relieve them from their statute liability for damages by fire. The decision in both these cases is expressly placed upon the ground that the act of the legislature, authorizing the lease, does not exonerate the defendants from liabilities expressly imposed upon them by their charter or the statutes of the State.

But this action does not proceed upon any "negligence," "neglect" or "carelessness" of the defendants, or their agents or servants, or in the violation of any obligation or duty prescribed in their charter or enjoined by the statute. The act complained of, which occasioned the alleged injury, is alleged to be the misconduct, the positive wrong, of one of the agents of the defendants, by reason of which the defendants are guilty of a breach of their contract with the plaintiff as common carriers of passengers. It is contended by the counsel for the defendants that they are not liable for the alleged injury because of the lease of their road to the Grand Trunk Railway Company, by authority of an act of the legislature, which company had the whole care, direction and control of the road at the time of the alleged injury, and whose agent the person charged with the wrongful act was. In other words, it is argued that this action must fail for want of privity between the plaintiff and the defendant company.

The plaintiff's contract was with the Grand Trunk Railway Company. The consideration, if any, moved from hence to that company. The obligation of safe transportation and the duty of

proper treatment devolved upon that company alone, and the liability for a breach of these, if any, was incurred by them. The defendants were strangers to that contract and its fulfilment: there was no privity, in fact, between them and the plaintiff, nor did any arise by implication of law, in consequence of any contract between the two railroad companies. The defendants on record, as we have seen, are not liable to the plaintiff by virtue of any express provision of their charter or of the statute. If the defendants are liable, it must be because of the legal disability devolved upon them to exonerate themselves from liability by the lease of their roads to another railroad corporation. Does such disability exist?

It is argued, in support of such disability, that the performance of the duties and liabilities imposed upon the defendants by their charter, and the statutes of the State, was the consideration upon which their charter was granted, and which entered into the contract with the State, and that to allow them to divest themselves of these duties and liabilities by leasing their road to another railroad corporation, would be to recognize their authority to make the substitution without the consent of the other party to the contract. This would, indeed, be a grave objection, if the lease had been made without the authority of the legislature. But the defendants' lease to the Grand Trunk Railway Company was authorized by a previous act of the legislature. The other contracting party thus assented to the substitution. The act of the legislature granting to the defendant corporation the power to lease their road, and the lease made in conformity therewith, are as authoritative and obligatory upon the defendants' lessees to perform the duties and discharge the liabilities thus devolved upon them, as was the original charter upon the defendants themselves. By these acts both parties to the charter of the defendant company assented to the change made, and both they and the public must abide the result.

To a specified extent and for certain defined purposes the Grand Trunk Railway Company was substituted for the defendant company, and became the owner *pro hac vice* of the defendants' rail-

road. The act of the legislature authorizing the change was no less public than the original charter, and parties having business relations with the same are bound to take cognizance of it.

This conclusion accords with the general current of judicial decisions upon this question. In *Fletcher* v. *Boston & Maine Railroad*, 1 Allen, 9, it was held that a railroad company is responsible for an injury occasioned by a want of proper care and prudence on the part of its servants in the management of a train which is under their exclusive care, direction and control, although the train belongs to another railroad company, and if the injury results from the negligence of another railroad company, which has a joint right to use the road under a lease from them, and which is accordingly running trains over their road on its own account, the lessors are not responsible.

So in *Murch* v. *Concord Railroad Co.*, 29 N. H., 35, which was an action against the defendants, as owners of the road, for an injury to the plaintiff, sustained thereon, while used by the Northern Railroad Company under a contract with the defendants, the court held that the defendants were not liable, and that the claim of the plaintiff, if any, was upon the Northern Railroad Company, with which he contracted. In delivering the opinion of the court in that case, Mr. Justice Bell says: "By using the railroad of another corporation as part of their track, whether by contract or mere possession, they (the Northern Railroad Company) would ordinarily make it their own for many purposes, and would assume towards those whom they have agreed to receive as passengers, all the duties resulting from that relation as to the road, and there would be no privity between such passengers and the proprietors of the road so used.

This doctrine was affirmed by the court in the same State in a recent case where it was held that the lessee corporation becomes the owner *pro hac vice* of the road leased, and is liable for damage accruing by fire or steam from a locomotive run by them upon the track of the leased road. *Pierce* v. *Concord Railroad Co.*, 52 N. H., 593."

It is true that in *Langley* v. *Boston & Maine Railroad*, 10 Gray, 103, the court held that the owners of a railroad cannot lease their road to a corporation created by another State, and thereby discharge themselves from the duties and liabilities they have incurred as a consideration for the charter granted to them. But that case is clearly distinguishable from the one at bar, since that lease was executed without, while this had the sanction of, legislative authority; in that case, one party alone undertook to change the contract, while in this, both parties assented to the change.

The remedy of the plaintiff, if any he have against either corporation, is against the Grand Trunk Railway Company, with which he contracted. For such injuries, that company is liable in the same manner as the defendants would have been, if they had been in the use, occupation and control of the road themselves. 1 Redf. on Railways, 4 ed., 610; *Sprague* v. *Smith*, 29 Vt., 421.

The requested instruction that, upon the evidence submitted, the action could not be maintained against the Atlantic & St. Lawrence Railroad Company should have been given. There being evidence in the case that would authorize the jury to find exemplary damages, if the plaintiff was entitled to recover at all against these defendants, the requested instructions upon that point were properly refused.                              *Exceptions sustained.*

APPLETON, C. J., CUTTING, DANFORTH and PETERS, JJ., concurred.

WALTON, BARROWS and VIRGIN, JJ., did not concur, not perceiving the distinction between this case and those in which it has been held that the defendants were liable.