[Filed May 24, 1886.]

## D. R. LAKIN, ADMINISTRATOR, *v.* WILLAMETTE VALLEY AND COAST RAILROAD COMPANY.

CORPORATIONS — RAILWAY COMPANY — CHARTER.—A railway company organized under the corporation law of this state has no powers other than the statute confers, and such as are incidental to its existence.

SAME—LEASE OF ROAD—DUTIES TO PUBLIC.—Unless specially authorized by statute to lease its road, such a corporation cannot, by so doing, defeat its obligations to the public, or escape the liability which the law imposes for torts, although committed by its lessee.

SAME—NEGLIGENCE OF CONSTRUCTION COMPANY.—Where an incompleted railway in the possession of a construction company employed by the owners was used by the former for purposes of general traffic, and in the course of such use, by the negligence of the employees of such construction company, the plaintiff's intestate was run over by the cars and killed, an action therefor will lie against the corporation owner, whether such use of the road was by its consent or not.

BENTON COUNTY.   Plaintiff appeals.   Reversed.

*J. J. Walton, Jr.*, and *John Kelsay*, for Appellant.

A railway company cannot, in the absence of statutory authority, by its own act absolve itself from its public obligations without the consent of the legislature. (Pierce on Railroads,. 283; *Macon and Augusta R. R.* v. *Mayes*, 49 Ga. 355; *Thomas* v. *Railroad Co.*, 101 U. S. 71; *Black* v. *Del. and Raritan Canal Co.*, 22 N. J. Eq. 130, 401.)   Contractors for constructing of railroads are the servants of the company authorized to construct it. (*Chicago, St. Paul, and Fond Du Lac R. R.* v. *McCarthy*, 20 Ill. 385; S. C., 71 Am. Dec. 285; *Macon and Augusta R. R.* v. *Mayes*, 49 Ga. 355; *West* v. *St. Louis, Vandalia, and T. H. R. R.*, 63 Ill. 545; *Lesher* v. *Wabash Nav. Co.*, 14 Id. 85; S. C., 56 Am. Dec. 494; *Bay City and E. Sag. R. R. Co.* v. *Austin*, 21 Mich. 401; *Gardner* v. *Smith*, 7 Id. 410, 421; S. C., 74 Am. Dec. 722.)   Those who operate the road must be regarded as the agents. (*Abbott, Adm'x*, v. *Johnstown etc. Horse R. R.*, 80 N. Y. 27; *Railroad Co.* v. *Barron*, 5 Wall. 90; *Nelson* v. *Vermont and Canada R. R. Co.*, 26 Vt. 717; S. C., 62 Am. Dec. 614; *McElroy* v. *Nashua and Lowell R. R. Co.*, 4 Cush. 402; S. C., 50 Am. Dec. 194; 2 Redfield on Railways, p. 277, subd. 4; *Thomas* v. *Railroad Co.*, 49 Ga. 355; *Clement* v. *Canfield*, 28 Vt. 302.)   The franchise cannot be sold or assigned without the consent of the power which granted it.   (*Texas and St. Louis R. R. Co.* v. *Robards*, 48 Am. Rep. 721; *Brauch* v. *Jesup*, 106 U. S. 478.)

*R. S. Strahan* and *John Burnett*, for Respondent.

A railroad company is not liable for personal injuries, resulting from the negligence of a construction contractor, which has not been turned over to the company.

(*Cunningham* v. *Inter. R. R. Co.*, 51 Tex. 503; Pierce on Railroads, 280, 286; 69 Ga. 622; *Wood* v. *School Dist.*, 44 Iowa, 27.) When work is being done under a contract, if there is any negligence, the contractor, or those employed by him, are alone responsible. (38 N. Y. Super. Ct. 197; *Conners* v. *Hennessey*, 112 Mass. 96.)

LORD, J. This was an action to recover damages for personal injuries resulting in death, alleged to have been caused by the negligence of the defendant and its agents.

The defendant, after making the usual denials, set up in substance this defense: That pursuant to an agreement made and entered into between the defendant and the Oregon Pacific Railroad Company, the latter agreed to build the defendant's line of road, etc.; that before the times alleged in the complaint, the Oregon Pacific Railroad Company had constructed for the defendant the line of road mentioned in the complaint between Yaquina City and the city of Corvallis, but at the times stated the same was not entirely completed or finished; and that the said Oregon Pacific Railroad Company was, during all the times stated, still engaged in building and constructing the defendant's said railroad, and still had the same in its possession, as well as the track and rolling stock thereon, and was, at the time of the accident by which Winnie P. Lakin lost her life, engaged in running and operating said road, and that the said Oregon Pacific Railroad Company, and not the defendant, in fact sold to said Laura Lakin the ticket upon which the said Winnie P. Lakin was traveling at the time of her death; and at the time, the said Winnie P. Lakin was a passenger on the road and cars occupied, used, and operated by said Oregon Pacific Railroad Company, its officers, agents, and servants, and not the defendants, etc.

It will be observed by the answer of defendant that the Oregon Pacific Railroad Company had not leased the defendant's road, but was engaged under a contract in building and constructing it, and at the time the alleged accident occurred was running and operating said road for the purposes of traffic in the carriage of passengers.

In this state, the right to become incorporated is secured by a general law, and any persons may avail themselves of it by complying with its provisions.   Under this general law, the corporation defendant was organized, and possessed no other powers or functions than the statute creating it confers, or such as are incidental to its existence.   In New York, under a statute of similar purport, it has been held that the right of incorporation conferred under such general law, like a special charter, is in the nature of a contract; and that a railroad corporation organized under it has no authority, without the consent of the legislature, to lease its road, and that when it has done so, it is responsible to the public for the manner of operating the road; as to the public, those operating it must be regarded as agents of the corporation.   In *Abbott* v. *Johnstown etc. R. R. Co.*, 80 N. Y. 29, Church, C. J., in delivering the opinion of the court, said: "The creation of a corporation to construct and operate a railroad is the exercise of a sovereign power, and includes the grant of important franchises.   Such corporations have power to exercise the right of eminent domain, and various rights and privileges not possessed by natural persons.   In return for which they are placed under obligation to perform certain duties to the public. It is true, in this state, that the right to become incorporated is secured by a general law, and any persons may avail themselves of it by complying with its provisions; but the public are secured by a variety of

safeguards as to the amount of capital, its payment, as to the mode of doing business, making returns, etc. Like a special charter, the right conferred under the general law is in the nature of a contract. It follows that upon principles of public policy and the ordinary rules of law applicable to contracts, the corporation cannot, without the consent of the other party, change its terms, or absolve itself from its obligations by any conventional arrangement made with third persons as to the control and management of its road." It is regarded as settled that where one railroad company is authorized by law to contract or lease its road to another company, it is not responsible for the torts committed by the other company in the running of its trains or the management of the road. (*Mahoney* v. *A. & St. L. R. R. Co.*, 63 Me. 68; *Ditchell* v. *S. P. & P. M. R. Co.*, 67 N. Y. 425.) Unless, however, it is specially authorized by statute to make such lease of its road, it cannot, by doing it, defeat its obligations to the public, or escape the liability which the law imposes for torts, although committed by its lessee. Mr. Pierce says: " The company cannot, in the absence of special statute authority and exemption, divest itself of responsibility for the torts of persons operating its road by transferring its corporate powers, or leasing the road to them. It cannot, by its own act, absolve itself from its public obligations without the consent of the legislature. It is liable for injuries to its passengers, caused by the negligence of another which it allows to use its road." (Pierce on Railroads, 283.) And this view, by reference to the authorities cited in the notes, will be found to be supported by the weight of judicial decisions. (See also *Thomas* v. *Railroad Co.*, 101 U. S. 72.)

We must consider it, then, as the accepted doctrine in this country that a railroad company cannot escape the

performance of any duty or obligation imposed by its charter or the general laws of the state, by a voluntary surrender of its road into the hands of lessees. (*Railroad Co.* v. *Brown*, 17 Wall. 445; *Freeman* v. *M. & St. L. R. R. Co.*, 28 Minn. 443.) It does not appear that the defendant had leased its road to the Oregon Pacific Company, and if it had, as there is no specal statutory authority for it, the effect, as we have seen, would not have been to rid the defendant of its obligation to the public, or to escape the liability for torts committed by such lessee. The Oregon Pacific Company, in the case in hand, by virtue of a contract to build and construct the road for the defendant, so far as the road had been constructed, was operating and running trains over the road for the purposes of general traffic. But it is immaterial whether the defendant gave this privilege of using its road to the Oregon Pacific Company, or allowed it to use it, or the using and operating of the road arose out of some consideration of the contract to build and construct, it does not relieve the defendant from responsibility for the torts of such company. (*The Chicago and St. P. R. Co.* v. *McCarthy*, 20 Ill. 385; S. C., 71 Am. Dec. 285; *Ohio and Miss. R. R. Co.* v. *Dunbar*, 20 Id. 623; S. C., 71 Am. Dec. 291; *Chicago and R. I. R. Co.* v. *Whipple*, 22 Id. 105; *Nelson* v. *Vermont R. Co.*, 26 Vt. 717; S. C., 62 Am. Dec. 614; *McElroy* v. *Nashua etc. R. Co.*, 4 Cush. 400; S. C., 50 Am. Dec. 794; *Railroad Co.* v. *Barrow*, 5 Wall. 104.) The defendant may contract for the construction of its road, but it cannot escape liability for injuries to passengers caused by the negligence of another which it permits or allows to use its road for the purposes of traffic. In such case, as regards the public, those who operate the road must be regarded as the agents of the corporation. This doctrine is in accordance with sound public policy; for it would certainly be against the public interest to allow

·corporations, invested by the state with important franchises and privileges, and incorporated to discharge a public duty as well as to subserve a private benefit, to shirk its responsibilities, or shift its duties and liabilities to other, perhaps irresponsible, parties. Except as authorized by statute, it cannot relieve itself from responsibility for the exercise of its corporate powers and franchises.

The case of *Cunningham* v. *Railroad Company,* 37 Tex. 509, principally relied upon by the defendant, does not meet the facts of the case here. There, the trains under the contract of the contractor were not being used for the purposes of traffic, but for the purposes of construction, when the injury occurred. We think there was error in overruling the demurrer, and the judgment must be reversed, and the case remanded for further proceedings.