[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 121 
On the 2d day of October, 1882, the defendant, a railroad corporation, organized under the laws of this state, owned a railroad completed for operation, extending from Binghamton to the city of Buffalo, and on that day it leased its road, with all its real estate, personal property and franchises, to the Delaware, Lackawanna and Western Railroad Company, a Pennsylvania corporation. The term of the lease was for the corporate life of the lessor and any extension thereof. In consideration of the lease, the lessee agreed to pay all the debts of the lessor then existing and outstanding, and during the enjoyment of the demised property also agreed to pay all the taxes upon the same, and to the holders of the capital stock interest at the rate of five per cent per annum in quarterly payments. The lessor agreed to maintain its organization as a corporation, and from time to time during the continuance of the lease upon the request of the lessee to "make, execute, issue and deliver to the party of the second part the bonds, other obligations or stock of the said party of the first part, or part bonds, part other obligations and part stock, as the said party of the second part may request, for such amount and to such extent as may be required by the said party of the second part for the construction and purchase of locomotives, machinery, cars and other equipments for said railroad, and for the construction of any extension or branches or any other railroads which the said party of the second part may, in the exercise of the rights possessed by, or that may be hereafter possessed by the said party of the first part, under the laws of the state of New York, or otherwise, desire to have constructed, and for all other things, work or works which the said party of the second part may desire to have done in the exercise of said rights, the cost of which is properly chargeable to construction account. And the said party of the second part shall, during the continuance of this indenture, use and operate the said railroad and do and perform all acts and things which the party of the first part, as owner of the property and franchises hereby demised, would be bound by law to do and perform had this indenture not been made." The lessee agreed at all *Page 122 
times to keep the demised property in repair at its own expense.
The lessee entered into possession of the demised property under the lease on the day of its execution, and has ever since been in possession thereof. The lessor owned land adjacent to the land of the plaintiffs, and upon its land had before the date of the lease constructed trestle-work for the tracks of its road, and the lessee operated the road on and over this trestle-work under its lease for about two years, when it began to fill in the trestle in the rear of the plaintiffs' land and prosecuted such filling to completion in 1885. This filling made a high embankment so near to the land of plaintiffs that in the times of rains and melting snow, sand and earth were washed and flowed therefrom upon the land of the plaintiffs, thus causing the damage complained of by them. The embankment was constructed under the direction of the officers of the lessee and under contract with it. But it charged the cost thereof to the lessor, and the lessor issued and delivered to the lessee its bonds for the payment of such cost under and in pursuance of the terms of the lease above mentioned.
These are the facts and there was no dispute about them upon the trial, and upon them the trial judge charged the jury that the plaintiffs were entitled to a verdict. In this, we think, there was error.
It is conceded that the lease was valid and that the lessee obtained possession of the property, including the land upon which the embankment was constructed, and operated and maintained the railroad thereunder. (In the Matter of the Petition of theN Y, L. Western R. Co., etc., 99 N.Y. 12.)
The lessor was not bound by statute or contract to build this embankment, nor was it bound to keep the trestle in repair. There was no proof or claim at the trial that the trestle was not adequate at the time of the lease, or that it was then a nuisance. The lessee was bound to keep it in repair and to protect those who had occasion to use it from any injury in consequence of its dilapidated condition. The lessor out of possession was under no such obligation. (Wasmer v. D., L. *Page 123 W.R.R. Co., 80 N.Y. 216; Edwards v. N.Y. H.R.R. Co.,
98 id. 245; Ahern v. Steele, 115 id. 203.)
The lessor of a railroad is not liable for the negligence or torts of the lessee. This has been so frequently decided that an extended citation of authorities is not needed. (Pierce on Railroads, 283; Ditchett v. S.D. P.M.R.R. Co., 67 N.Y. 425;Mayor, etc., of New York v. Twenty-third St. R. Co.,
113 id. 311.)
The lessor cannot be made liable for these damages, because it was bound under the lease to issue to the lessee its bonds for the cost of any work chargeable to construction. The work was nevertheless the work of the lessee. It did the work in its own way and the lessor had no control thereof. In doing the work, the lessee was in no way working under the lessor, and in reference thereto, the lessor was in no way the superior of the lessee in such a sense that it was bound to respond for the acts of the lessee. (McCafferty v. S.D. P.M.R.R. Co., 61 N.Y. 178;Ferguson v. Hubbell, 97 id. 507.)
This is not a case where the embankment was necessarily a nuisance, and injurious to the plaintiffs. It could have been built with retaining walls or ditches on the sides thereof, so that the earth and sand from the same could not be washed upon the lands of the plaintiffs.
We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide the event.
All concur, except PECKHAM, J., not sitting.
Judgment reversed. *Page 124