PACIFIC POSTAL TELEGRAPH CABLE Co. *v.* WESTERN UNION TEL. Co.

SAME *v.* SEATTLE, L. S. & E. RY. Co.

(*Circuit Court, D. Washington, N. D.*   April 4, 1892.)

1. TELEGRAPH COMPANIES—GRANT BY RAILROAD—CONSTRUCTION.

   A contract whereby a railroad company grants to a telegraph company a right of way along its road for a telegraph line, and agrees that it will not grant such right for the construction of any other telegraph line, does not vest in the telegraph company such an exclusive interest in the railroad's right of way for telegraph purposes as would entitle it to an injunction against the construction of another telegraph line thereon.

2. SAME—EXCLUSIVE RIGHT OF WAY—ULTRA VIRES.

   A contract by which a railroad company undertakes to grant the exclusive right to construct and maintain a telegraph line along its road to a single company is *ultra vires* and void.

In Equity. Bill for an injunction to prevent the Western Union Telegraph Company from constructing and operating a telegraph line on the right of way of the Seattle, Lake Shore & Eastern Railway Company between certain stations. The court having granted a restraining order *pendente lite,* the defendants moved to vacate said order. Motion granted.

*Struve & McMicken* and *Hughes, Hastings & Stedman,* for plaintiff.

*Turner & McCutcheon,* for defendants.

HANFORD, District Judge. The only ground for the restraining order, which, at the time it was made, seemed to me to justify it, is that the complainant claims to be the owner of an interest in the strip of land known as the right of way of the defendant the Seattle, Lake Shore & Eastern Railway Company, upon which the defendant the Western Union Telegraph Company proposes to enter, and construct and operate a telegraph line, without the consent of the plaintiff, and without compensation to plaintiff for such appropriation and use of property to which it claims title. Upon the present hearing this appears to me to be the only ground of complaint, worthy of consideration, against either of the defendants. I would regard it as sufficient if the claim of title appeared to be valid. The defendants, however, deny that plaintiff has any title to the premises, or any interest therein other than an easement; that is to say, a right of way for its own telegraph line. The only basis for the plaintiff's claim of title is found in the

following clauses of a contract made by the plaintiff with the Seattle & West Coast Railway Company:

"The railway company hereby grants right of way for said line of telegraph along the route of its road, and upon its grounds, and agrees to furnish labor for loading the poles upon the cars, and for distributing and setting the same, under the direction of the telegraph company's foreman, together with their free transportation. The railroad company agrees to furnish office room in its railway stations, and an operator wherever required, for its railway business, who shall also transact the business of the telegraph company, at such stations, under the rules and regulations of the telegraph company, it being understood that all receipts for commercial telegraph business shall belong to the telegraph company. * * * The telegraph company shall have free transportation for men and material necessary for the maintenance and operation of its telegraph lines, and the railway company hereby agrees that it will not grant right of way along its road for the construction of the line of any other telegraph company, and that it will not transport men or material for any other telegraph company, except at the regular tariff rates of said railway company, and for delivery at its regular stations. * * * This contract shall continue for twenty-five years from the date hereof."

The complainant avers that the Seattle, Lake Shore & Eastern Railway Company acquired the right of way for that portion of its road between Woodenville or Snohomish Junction and the town of Sedro, by a grant from said Seattle & West Coast Railway Company, subject to said contract. The argument is that the contract is a conveyance, and that it vests in the complainant the exclusive right to the entire strip of land for telegraph purposes, during the term specified, which right amounts to an interest in the land, and is a legal estate. Against the contention for such a construction of the contract, it is, first, to be observed that the only granting words therein appear to be limited in their application to the right of way for a single telegraph line. There is no indication in the contract of the idea that the plaintiff should have control over the right of way for any purpose other than the conduct of its own telegraph business. If correct in the position assumed by it in this case, the complainant would have the right to sell to other telegraph companies, or sublet to them privileges to construct and maintain telegraph lines upon the premises. The provisions of the contract itself in the clauses above quoted are antagonistic to this pretense. The railway company by the contract promised that it would not permit the construction of other telegraph lines upon its right of way, nor afford other telegraph companies facilities for transportation of materials, except as specified. This clause created a mere personal obligation. It did not convey the title to any property. On the contrary, it amounts to an assertion by the railway company of both an obligation and a right to control the future use of the ground acquired by it for its railroad.

If the contract, in explicit terms, granted such an interest in the premises as plaintiff claims, I should have to hold it to be *ultra vires* and void, for the reason that the laws of the territory of Washington,

in force when it was made, did not authorize a railway corporation to transfer land acquired for railroad purposes, by lease, so as to divest itself of its duties and obligations to the public as to the use of such property. By the plaintiff's own showing it appears that the Seattle & West Coast Railway Company was incorporated to do a general transportation business by rail, and to be a competitor for interstate and international commerce. Its franchise from the state, therefore, made it to a certain extent a public agent endowed with part of the sovereign power of the commonwealth; and a railroad constructed in this state by a corporation organized under the laws of the state, or its predecessor, the territory, must necessarily be a highway for public use, in and to which the public have rights limited and regulated by law. There is no statute authorizing such a transfer of property in the right of way and control thereof as the plaintiff now claims was made to it by said contract, and, without express authority conferred by a statute, no transfer of such property, or of the right to control the same, could be made, whereby the rights of the public, or a third party, *e. g.*, the Western Union Telegraph Company, could be in any manner abridged. *Lakin* v. *Railroad Co.*, (Or.) 11 Pac. Rep. 68; *Breslin* v. *Car Co.*, (Mass.) 13 N. E. Rep. 65; *Palmer* v. *Railway Co.*, (Idaho,) 16 Pac. Rep. 553; *Railroad Co.* v. *Brown*, 17 Wall. 445; *Railroad Co.* v. *Crane*, 113 U. S. 433, 434, 5 Sup. Ct. Rep. 578; *Oregon R. & N. Co.* v. *Oregonian Co.*, 130 U. S. 1, 9 Sup. Ct. Rep. 409; *Van Dresser* v. *Navigation Co.*, 48 Fed. Rep. 202; *U. S.* v. *Western Union Tel. Co.*, 50 Fed. Rep. 28.

Telegraph lines are to serve the public, and wherever they are connected with a railroad as incidental to the railway business, the rights of the public respecting the same must be governed by the principles applicable to other branches of the service; and the public policy which underlies the numerous decisions of the courts of this country, denying the right of a railway corporation to divest itself of responsibility and invest another with its powers and functions, touches directly the question in this case as to the right of one corporation to transfer to another an exclusive right for telegraph purposes to the occupancy and control of property acquired as a necessary means of serving the public. A contract made by a railway company, whereby it attempts to create a monopoly in the use of its property for the transmission of news and intelligence, is just as invalid as a contract would be whereby a railway corporation should attempt to confer upon one individual or corporation an exclusive right to have any particular commodity transported as freight over its railway. Whether this contract be regarded as an intended conveyance of an interest in the property, or as a covenant affecting the title to the right of way, or as a contract creating simply a personal liability, it is not such a contract as a court of equity can uphold or decree to be specifically performed; and, at least, as against the defendant the Western Union Telegraph Company, it is void, except in so far as it confers upon the plaintiff the right to maintain unmolested its telegraph line, and conduct its business without

interruption; which right is in no manner menaced by the proposed action of the defendants. The motion to vacate the restraining order is therefore granted.