CITY OF BUFFALO *v.* CLEMENT.

*((Superior Court of Buffalo, General Term.* July 8, 1892.)

1. OBSTRUCTION OF STREET BY SUBCONTRACTOR—RESPONDEAT SUPERIOR.
   Under a city ordinance prohibiting any person placing, leaving, or depositing in the street any material, except such as is permitted by ordinance or resolution, and prescribing a penalty therefor, a contractor is not liable for the action of his subcontractor, no right to direct the work having been reserved, and no directions in fact having been given, and there having been no necessity for putting the material in the street, the principle of *respondeat superior* not being applicable.

2. SAME—PERMITS.
   The fact that the contractor was to have secured permits does not affect his liability.

3. SAME—DECLARATIONS.
   Neither does the fact that, after the act of the subcontractor, he made declarations showing his belief to be that he was liable.

Appeal from municipal court.

Action by the city of Buffalo against Ernest W. Clement to recover penalty for violation of an ordinance prohibiting the placing of any material in the streets. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

*Philip A. Laing,* for appellant. *Lyman M. Baker,* for respondent.

TITUS, C. J. This action is brought for a violation of section 1 of chapter 3 of the ordinances, which provides that "no person shall, except in perfectly tight boxes, draw, cart, or transport over, or place, leave, or deposit in, any street, lane, or alley, or upon any side or cross walk within the city, any dirt, ashes, manure, or other substance or material whatever, except such as are permitted by the ordinances of the city or by resolution of the common council." The defendant had a contract with John Diehl to build a house on his lot at 568 West avenue. In the construction of the house the defendant was to use building material consisting of brick, stone, mortar, and wood. No permit was obtained from the city authorities to use any portion of the street to deposit material while the building was in process of construction. The defendant sublet the work of excavating for the cellar and laying the walls to one Barnwell, who was to furnish the labor and material necessary for that purpose. Barnwell is a contractor, and was to receive for his contract a specified sum. No agreement was entered into by him, or arrangement of any kind made with the defendant as to where he should procure his material, or where it should be deposited during the time he was laying the wall. The defendant claims that he has not violated the ordinance above quoted, because he did not leave the material upon the street, and it was not done under his direction or by his order; that he let the contract to Barnwell to excavate and furnish all material and lay the cellar walls; that Barnwell was responsible to him only that he should properly perform his work under his contract; and that if he violated the ordinances of the city he alone is liable. It appears that about one half of the street in front of Diehl's property was occupied by stone, lime, and other material which Barnwell had placed there with a view of putting such material into the cellar wall. So far as doing the work was concerned, the defendant had the undoubted right to give direction as to the proper performance of the work under his contract, and could insist that it should be done according to its terms. Under his contract with Barnwell, so far as can be gathered from the evidence, he could not give direction or order the materials to be procured from any particular quarry or place, or hauled in any particular manner, only so that the material was suitable for the purpose for which it was intended. Barnwell occupied towards the defendant the relation of contractor, independent of him in all things, except that the material should be suitable for the purpose and the work properly performed. Can it

be said, then, that as such contractor the defendant was liable for a violation of the ordinances in the manner of hauling his lime and sand, or for leaving them on the street contrary to the ordinances? The possession of the premises remained in the owner, except the right of the defendant under his contract to make such use of them as was necessarily incident to a complete performance of it. In order to charge the defendant with the acts of Barnwell, the relation of master and servant must either actually or constructively exist. If the owner lived upon the premises, and permitted the street to be obstructed by material used in the erection of his building, possibly the owner, as well as the person offending, would be liable, on the theory that, having the right to forbid the act, he permitted another to do it, thereby necessarily giving his consent. But that is not the case before us. The defendant had no right to obstruct the street, had no permit from the city authorities to deposit his material in the street, and could give no permission to any one else to do what he himself could not lawfully do, and consequently he could not permit or prevent Barnwell, in the unlawful use of the street, he having the same right as the defendant to the use of the street, and no greater; and hence he cannot be charged with giving his consent to the act of an independent contractor from the mere fact that he saw the material piled on the street, and did not order it removed. As between the defendant and Barnwell, the latter had the same right to use the premises as the former, so far as was necessary to perform his part of the contract, and, so far as the evidence discloses, neither, as against the owner, had the possession. We are referred to no reported case in this state sustaining the plaintiff's contention. The case of *Blake* v. *Ferris*, in 5 N. Y. 48, has settled the rule of *respondeat superior* in this state, and it has not been overruled by later authorities; that, to charge a party with the negligent act of another, the relation of employer and employe must exist. The act must be of the master, acting by his servants or employes. This rule has had recent illustration in the highest court of our state in *Butler* v. *Townsend*, reported in 126 N. Y. 105, 26 N. E. Rep. 1017, and in the case of *Miller* v. *Railway Co.*, 125 N. Y. 118, 26 N. E. Rep. 35; and the rule as laid down in *Blake* v. *Ferris*, *supra*, applied and enforced. This ordinance is penal in character, and should not be extended beyond the plain meaning of the language employed, as would be required to charge the defendant with liability under the facts of this case. I think the judgment of the municipal court should be affirmed, with costs.

HATCH, J. Defendant contracted to build two houses upon West avenue, in the city of Buffalo. After the execution of the contract, he sublet the excavation for the cellars, furnishing the material therefor, and constructing the walls therein, and the foundations upon which the houses were to rest. The subcontractor entered upon the fulfillment of his contract, and in so doing deposited stone and other materials in the street for which obstruction it is claimed the penalty was incurred. Defendant exercised no control over the excavations, gave no directions with respect to the deposit of materials or the building of the walls, but the whole thereof was under the direction of the subcontractor, and the deposit was made by himself, and servants subject to his direction. The ordinance which it is claimed was violated provides: "Section 1. No person shall place, leave, or deposit in any street, lane, or alley, or upon any side or cross walks within the city, any substance or material whatsoever, except such as are permitted by the ordinances of the city or by resolution of the common council." For a violation of this ordinance a penalty is prescribed. It is quite evident that the object of the section is to prevent any obstruction of the streets, and render them convenient and safe for travel. The section is therefore to receive such construction as will accomplish this purpose, but, as a penalty is attached for its violation, it must be limited in its operation to such matters and persons as fairly come

within its lines, and cannot be extended by implication or construction. *Chase* v. *Railroad Co.*, 26 N. Y. 523; *Wood* v. *Railway Co.*, 72 N. Y. 196; *Cheese Co.* v. *Murtaugh*, 50 N. Y. 314. The defendant did not deposit the material in the street. That act was done by the subcontractor and his servants. He is not, therefore, the person mentioned or contemplated by the section. He gave no directions to deposit the material in the street, and he reserved no right to direct how or in what manner the material should be delivered or the work prosecuted. He was not, therefore, constructively responsible for the act of the subcontractor or his servants, as he had no control of either. In addition to this, it appeared that there was no necessity for placing the material in the street, as there were vacant spaces by the side of the building where it might have been placed. I am unable, therefore, to see, by any rule of construction, how he can be said to be the person who created the obstruction. It is claimed he should be held responsible on the principle of *respondeat superior*. To uphold such claim would violate established authority, as I view the case. Defendant, as before observed, retained no control over the manner and method which should be adopted in the prosecution of the work. He could no more direct how and when the material should be delivered than he could direct where it should be obtained. This was all matter subject to the exclusive control and decision of the subcontractor, and about which the defendant was powerless. Under such conditions, the doctrine contended for is without force. The liability does not exist. *Storrs* v. *City of Utica*, 17 N. Y. 104; *Miller* v. *Railroad Co.*, 125 N. Y. 118, 26 N. E. Rep. 35; *Butler* v. *Townsend*, 126 N. Y. 105, 26 N. E. Rep. 1017. The decision in *Burgess* v. *Gray*, 1 C. B. 578, turned upon this principle; for in that case liability was determined to exist upon the ground that defendant had exercised and reserved control over the obstruction and its removal from the street. The fact that defendant was to procure permits cannot be availed of, as it does not appear that he knew that Barnwell would deposit stone in the street, or that there was any necessity for it, as there was not in fact. His knowledge, after it was done, imposed no duty upon him to get the permit, as the act was not his, and he had not authorized it. The same thing is true with respect to his declarations to the street commissioner's clerk. What he supposed his liability was, did not have the effect of establishing it, any more than his supposition would have relieved him of liability if it existed. The violation of the ordinance in this case was committed by the subcontractor, and he alone was liable for the penalty.

It follows that the judgment appealed from should be affirmed, with costs.

WHITE, J., concurs.