THOMAS D. RYERSON v. MORRIS CANAL AND BANKING COMPANY.

Submitted July 8, 1904—Decided November 7, 1904.

1. Where a public duty is imposed upon a corporation by its charter, it cannot relieve itself of that duty by leasing its property and franchises under a general legislative authority to lease.

2. By its charter, the Morris Canal and Banking Company was required to make good and sufficient bridges across its canal and keep the same in repair so as to prevent any inconvenience in the use of the road by reason of the canal crossing the same; the canal company cannot relieve itself of that duty by leasing its canal, with all its boats, property, works, appurtenances and franchises, to the Lehigh Valley Railroad Company.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *John B. Humphreys.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff brought suit against the defendant to recover damages for the special and particular injury to the plaintiff by reason of the failure of the defendant to sufficiently maintain a bridge in a public road where the same was crossed by the canal of the defendant. *Ryerson* v. *Morris Canal Co.,* 40 *Vroom* 505.

The obligation of the defendant to maintain the bridge is found in its charter, the duty being set forth in the following language: "That where the said canal shall cross any public road it shall be the duty of the company, at their proper expense, to make good and sufficient bridges across the said canal, and keep the same in repair so as to prevent any inconvenience in the use of the said road by reason of the said canal crossing the same." *Pamph. L.* 1824, *p.* 165.

To the plaintiff's declaration the defendant pleaded first the general issue; secondly, that by virtue of a supplement to the charter of the Morris Canal Company, approved March 14th, 1871, the defendant, on the 4th day of May, 1871, with the consent of its stockholders, leased to the Lehigh Valley Railroad Company, a corporation of Pennsylvania, its canal,

with all its boats, property, works, appurtenances and franchises; that the said railroad company took possession of the same May 4th, 1871, and has used and enjoyed the said property and franchises, and has operated and maintained the same to the time of the beginning of the suit, and by reason of the premises the defendant was not bound to keep a good and sufficient bridge across the said canal at the place mentioned, and was not bound by law to keep said bridge in proper repair.

To the second plea the plaintiff has demurred.

The legislative authority to lease and the rights of the lessee in the leased property are as follows: "That it shall and may be lawful for the Morris Canal and Banking Company * * * to lease the canal of said company or any part thereof with all or any of its boats, property, works, appurtenances and franchises to any person or persons, or corporation, either perpetually or for such shorter time and upon such rents and agreements as may be agreed upon between the said contracting parties. And it shall be lawful for the lessee or lessees in said lease to use and enjoy the said property and franchises so demised for the term in said lease mentioned." *Pamph. L.* 1871, *p.* 5.

It seems to be admitted that the defendant could not divest itself of the duty imposed in its charter of building and maintaining bridges across the canal where public roads crossed the same except by legislative authority. There is no special legislative provision, but the defendant claims that it is relieved of this duty by exercising the power of leasing. The bridges required to be built and maintained are no part of the canal or its appurtenances necessary to be used in the operation of the canal; when built, they become part of the highway and the property of the owners of the highway. Many cases cited to show that by the lease the lessor was relieved of the duty of maintaining those bridges are not applicable. Manifestly, cases for personal injuries, arising from the negligent management or improper maintenance of the works and property necessary to the carrying on of the business for

which the lessor was incorporated differ entirely from the breach of duty in this case. The maintenance of bridges at parts of the highway is a different duty from operating a canal for the purposes of transporting persons and goods, and when the legislature authorizes a transfer by lease of the works and franchise, necessary for the latter, it thereby necessarily imposes upon the lessee the obligations arising from the use of the works but does not inferentially transfer, by the act of leasing, the duty of maintaining the bridges which form part of the highways crossed; that duty still continues as part of the price given by the lessor for the privilege of being and continuing to exist as a corporation, and this public duty cannot be escaped except by express legislative authority.

Authorities as to what duties are imposed upon the lessee by a lease executed under legislative authority are 2 *Ell. R. & S.*, § 469, and which evidently refers to duties arising out of the operation and maintenance of the property necessary to the carrying on of the business for which the lessor corporation was created.

*Briscoe* v. *Railway Company*, 40 *Fed. Rep.* 273, was a case where horses were killed by the negligence of the servants of the lessee on the tracks of the railroad.

*Arrowsmith* v. *Railway Company*, 57 *Fed. Rep.* 165, was for the death of a mail clerk, standing in the open door of a mail car, by being struck by the arm of a mail crane standing close to the passing train, placed there to hold the mail pouch, to be taken into the car.

*Miller* v. *Railroad Company*, 125 *N. Y.* 118, was for damage arising in the construction of an embankment (part of the road) by a lessee instead of a trestle work for its tracks.

*Railway Company* v. *Washington*, 86 *Va.* 629, was for injury to a fireman of a freight train, received while in performance of his duty as a fireman.

*Mahoney* v. *Railroad Company*, 63 *Me.* 68, was for injury to a passenger.

*Heron* v. *Railroad Company,* 68 *Minn.* 542, was a suit for damages caused by fire started by sparks thrown from the engine of the lessee company among combustible material which it had allowed to accumulate.

*Hayes* v. *Railroad Company,* 74 *Fed. Rep.* 279, was where the plaintiff was injured by being run over by a train.

*Murch* v. *Railroad Company,* 29 *N. H.* 35, was for injury to a passenger.

It is stated in 23 *Am. & Eng. Encycl. L.* (2d ed.) 784. It is well settled that a lease, though made pursuant to the legislative authority, does not operate to relieve the lessor of any duty or liability imposed by its charter or by the general law of the state, unless the enabling statute contains an exemption from liability.

In *Hayes* v. *Railroad Company, supra,* it was held where there is due authority of law for the leasing of a railway, the company cannot by leasing its line discharge itself of those responsibilities which are imposed upon it by the law of its incorporation, and cannot relieve itself from liability in the discharge of those positive duties which it owes to the public and have been especially imposed by its charter.

In *Railroad Company* v. *Curl,* 28 *Kan.* 622, which was a case of injury resulting from the failure to construct sufficient cattle cars, Judge Brewer said: "If the injury results from negligence in the handling of trains, or in the omission of any statutory duty connected with the management of the real matters in respect to which the lessor company could in the nature of things have no control, then the lessee company will alone be responsible; but when the injury results from the omission of some duty which the lessor itself owes to the public in the first instance—something connected with the building of the road—then we think the company assuming the franchise cannot divest itself of responsibility by leasing its tracks to some other company."

In *Arrowsmith* v. *Railroad Company, supra,* the judge uses this language: "Where obligations are imposed by charter

or statute, laid upon the railroad company for the protection and advantage of the general public, not having contract relation with it, it may very well be said that a general authority to lease out its road which contains no provision exempting it from such public obligations will not absolve it from liability."

The charter of the Morris Canal Company imposed upon it the duty of making and keeping in repair bridges at road crossings; this was a provision for the benefit of the public; the statute authorizing the lease does not contain any provision exempting it from this obligation, and the conclusion is that the mere act of leasing could not transfer that duty.

There will be judgment for the plaintiff on the demurrer.