CHARLES B. WOOD, Respondent, v. THE ERIE RAILWAY COMPANY, Appellant.

The fact that the owner and shipper of property is doing business in the name of a firm in violation of the provisions of the act (chap. 281, Laws of 1833), "to prevent persons transacting business under fictitious names," and that the property is marked with the firm-name, is no defense to an action by such owner against a railroad corporation for loss of or damage to the property while in transit.

The said act being highly penal, will not be extended by implication or construction to cases not within the terms of the act fairly interpreted.

(Argued December 21, 1877; decided January 22, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 9 Hun, 648.)

This action was brought against defendant as a common carrier to recover damages for injuries to a carriage delivered by plaintiff to defendant at Buffalo to be transported to New York.

The carriage was marked "Wood Brothers," and by the bill of lading was "to be delivered to the party entitled to the same;" it was badly injured while in transit. Some time prior to the shipment of the carriage plaintiff had been associated with his brother in the business of manufacturing and selling carriages under said firm-name of "Wood Brothers." Prior to the shipment the brother had retired from the firm, and had thereafter no connection with the business. The business, however, was continued, and the carriage was purchased by plaintiff in the firm-name.

*Joseph Larocque*, for appellant. Plaintiff cannot recover of defendant, because the contract of sale was invalid under chapter 281, Laws of 1833, the act "to prevent persons transacting business under fictitious names." (*Hallett* v. *Novion*, 14 J. R., 273, 290; *Thalimer* v. *Brinkerhoff*, 20 id., 386, 397, 400; *Pennington* v. *Townsend*, 7 Wend., 276, 280; *Ferdon* v. *Cunningham*, 20 How. Pr., 154; *Best* v. *Bauder*, 29 id., 489; *Swords* v. *Owen*, 2 J. & S., 277.)

*E. H. Benn*, for respondent. Chapter 281, Laws of 1833, being in derogation of the common law, must be strictly construed. (9 How., 238; 8 Barb., 605; 1 id., 636; 50 N. Y., 314.) Although the partnership had ceased just before the purchase and shipping of the carriage, he was still a partner as to third persons. (*Greenwood* v. *Brink*, 3 N. Y. S. C., 740; *Vernon* v. *Man. Co.*, 22 Wend., 183; *Davis* v. *Allen*, 3 N. Y., 168; *City Bk. of Brooklyn* v. *McChesney*, 20 id., 240; *Buffalo City Bk.* v. *Howard*, 35 id., 500; *N. H. & N. H. Co.* v. *Quintard*, 37 How., 33; *People* v. *Pease*, 27 N. Y., 45, 63, 74, 75; *Ward* v. *C. P. N. & E. R. R. Co.*, 42 How., 291; *Cook* v. *N. Y. C. R. R. Co.*, 3 Keyes, 476; *Wells* v. *Mann*, 45 N. Y., 331; *Stone* v. *Fowler*, 47 id., 566.) The fact that plaintiff was using a firm-name in violation of the statute does not forfeit his title to any property he buys, owns or acquires in the business. (43 How., 176; 29 id., 480; *Wynhamer* v. *People*, 13 N. Y., 378, 387, 388, 433,

434; *Rockwell* v. *Nearing*, 35 id., 302; *Embury* v. *Conner*, 3 id., 511.)   This is not an action on contract, but one for a tort. (*At. Ins. Co.* v. *McLean*, 48 Barb., 27; *Flynn* v. *H. R. R. R. Co.*, 6 How., 308, 310.)

MILLER, J.  The defense to the plaintiff's demand in this case rests entirely upon the construction to be given to the provision of section 42, 3 Revised Statutes (5th ed.), 978, which is as follows :  " No person shall hereafter transact business in the name of a partner not interested in his firm; and where the designation ' and company,' or ' & Co.,' is used, it shall represent an actual partner or partners."

The next section (43) declares that any person offending against the provisions of the act shall, upon conviction, be deemed guilty of a misdemeanor, and liable to a fine not exceeding $1,000.   The act is highly penal, and will not be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms of the act fairly interpreted. (*Verona Central Cheese Co.* v. *Murtaugh*, 50 N. Y., 314.)   We must also consider the purpose of an act of this character in construing the same, and the mischief it was designed to suppress.   It is quite obvious that the object in view was to prevent an individual engaged in business from continuing to use the name of a member of the firm with whom such person had been associated, after such member had retired from the concern, or of using a name of a person not interested in such firm, and thus to induce credit to be given by those trading with such person, and to impose upon the public.   It was in fact to prevent such person from obtaining a false credit on the strength of a name which had been withdrawn, or which he had no authority to make use of.   Such being the manifest object of the law, it evidently related mainly to dealings between the individual who used the name of an old firm, or of one not interested, and the persons who transacted business arising out of said dealings with him.   These would be mainly between the vendor and the vendee, or the employer

and the employee, or the person who performed labor, or rendered service, and the one for whom it was rendered.

Business transactions between parties occupying such a relationship would clearly come within the operation of the statute referred to, and were intended to be embraced within its provisions. It was against fraud and imposition which might be practiced upon innocent parties who dealt with the person who transacted business in the name of a party whose interest had ceased, or who never had any interest in same, that the statute was directed. These were the evils intended to be remedied, and clearly within the terms of the statute. Beyond this, the statute cannot be extended by implication, or even by a liberal construction. A railroad corporation who is merely engaged in the transportation of property purchased by an owner, in the name of a firm which has been dissolved, cannot be regarded as embraced within the scope and spirit or meaning of the statute cited. It is neither a vendee, an employee or contractor for work done, nor a dealer with the person using the name of a partner not interested in the firm, in the sense of the statute, or within its plain meaning or import. It incurs no hazard on any such ground, and cannot be defrauded as other persons may be by trusting to the credit of a name unlawfully used. It can lose nothing by the transaction, as it is abundantly secured by a lien on the property transported, which may be held for the freight until such freight is paid. It is of no sort of consequence to the defendant, whether the consignee was responsible or not, for it was amply and entirely secured. The forwarding of the carriage was an individual matter; and although marked with the firm-name, it was to be delivered to the party entitled to the same in New York, which was the plaintiff. He and no other person could lawfully receive the same. As he was in fact the owner, and with him alone an agreement was made, the defendant was not entitled to claim exemption from liability, because the plaintiff carried on the business of selling and purchasing carriages in violation of the statute. The shipping and receiving of

carriages was not the business of the plaintiff, but merely incidental to the business of manufacturing and dealing in this species of property. In this case it was a separate and distinct matter, outside of the plaintiff's ordinary business, and in no wise a violation of the statute.

Although a man may be engaged in a particular kind of business in violation of the statute. cited, it does not necessarily follow that the property which he owns becomes forfeited and outside of legal protection, when an intruder or a person who for a particular purpose has possession of such property, and without any right or claim converts or destroys the same. A wrong-doer is not protected in the invasion of the rights of another, because such a party happens to be transacting business in violation of a special statute. Suppose property owned by a person who transacts business in violation of the law is placed in the hands of another for a special purpose by a letting for hire or otherwise, would there be no redress for a willful conversion or destruction or misappropriation of the same, or for any other wrong? Most clearly there would be a remedy at law. The illegal transaction of the general business is one thing; but that has nothing to do with an unlawful act which destroys or appropriates the property of another, or commits any other injury, and cannot justify or excuse the same.

A violation of the laws relating to the Sabbath will not excuse gross negligence, or justify a wrong upon the property or person of another. A carrier of passengers owes the same duty to one who is violating the statute prohibiting travel on Sunday, as if he was lawfully traveling, and is responsible for a failure to perform it the same in the one case as the other. (*Carroll* v. *Staten Island R. R. Co.*, 58 N. Y., 126.) It was said in the case last cited that to hold the carrier exempt, would be creating a species of judicial outlawry to shield a wrong-doer from a just responsibility for his wrongful act. In the case at bar quite as strong reasons exist for holding that the defendant should not be exempt from liability for injury to property intrusted to its charge,

the transportation of which could have no direct connection with the illegal violation of the statute by the plaintiff in conducting the business in which he was engaged. The illegal act of the plaintiff had no relation to the obligation of the defendant as a common carrier, and upon no sound principle can the defendant be excused or exonerated from responsibility.

The order of the General Term should be affirmed, and judgment absolute ordered for the plaintiff.

All concur.

Judgment affirmed.