By the Court.—Sedgwick, Ch. J.
I am of opinion, that so far as the transaction went in fact, in the mere taking of the note, the case of Wood v. Erie Railway Company (72 N. Y. 196), requires us to hold, that it was not in violation of the statute.
In the case cited, the plaintiffs were doing business-under a firm name, that was in violation of the^tatute. In that firm name he bought a carriage. It was delivered by him to the defendant at Buffalo to be transported to New York and to be delivered thereto plaintiff. It was marked by the firm name. The action was-for injuries to the carriage, done in the course of transportation. The court of appeals held that “ the shipping and receiving of carriages was not the business of the plaintiff, but merely incidental to the business of manufacturing and dealing in this species of property.” In this case it was a separate and distinct matter^ outside of the plaintiffs’ ordinary business, and in no wise a violation of the statute. The court also considered that to invalidate a particular transaction, it must be within the mischief which it was the object of the statute to remedy ; and that that mischief was the effect of representing, by a fifm name, that the firm had, as. partners, some one, whose name was not disclosed by *480 the firm name, and the tendency therefrom to induce credit upon the representation.
In the present case, the note was isolated and separated from the business of buying and selling goods on commission, which was the general business of the plaintiffs. It had no connection with that business, directly or indirectly. It was "taken in the process of adjusting the rights of the parties, in a contract for the convey and of real estate. The scope of the transaction was of a nature that would not bring the defendant within any of the consequences that the statute was pointed against.
If the transaction was not illegal, the remaining question, whether the plaintiffs could show that they were the persons designated by the name of the payee in the note, to wit, Pollard, Pettus & Co., should be answered in favor of the plaintiff.
Exceptions sustained, order reversed and new, trial ordered, with costs of the motion to the plaintiff to abide the event.
Truax, J., concurred.