## STATE *v.* BUTMAN.

Under Gen. Laws, *c.* 275, *s.* 8, a member of a partnership cannot be convicted of embezzling the property of the firm.

An indictment charging that the respondent, being the partner of T., embezzled the property of T., is bad.

INDICTMENT, for embezzlement, charging that the respondent, David H. Butman, on &c., at &c., " being then and there the part-

ner of the said John M. Thompson in the business of grinding and milling corn and grain, and of purchasing and vending of corn and flour, at Lebanon aforesaid, did embezzle and fraudulently convert to his own use property of the said John M. Thompson to the amount of $500,—namely, one hundred bushels of corn, of the value of $100; twenty barrels of flour, of the value of $200; and $200 in money,—contrary," &c.   Also, that the respondent, on &c., at &c., " being then and there the agent-of the firm of Butman & Thompson, of which firm the members were the said David H. Butman and John M. Thompson, and who were then and there negotiating and transacting business under the firm name and style aforesaid, did embezzle, and fraudulently convert to his own use, property of the said firm of Butman & Thompson to the amount of $500,— namely, one hundred bushels of corn, of the value of $100; twenty barrels of flour, of the value of $200; and $200 in money,—contrary," &c.

The respondent moved to quash. The question intended to be raised by the motion is, whether an indictment can be maintained against a partner for embezzlement of the property of the firm,-or of his copartner, or of the profits of the partnership belonging to his copartner, or of property to be accounted for to the partnership, or to his copartner by virtue of the partnership.

*A. S. Batchellor, Solicitor* (*W. H. Cotton* and *J. M. Shirley* with him), for the state. 1. The terms of the statute (G. L., *c.* 275, *s.* 8) are " any officer, agent, or servant of any corporation," or the " clerk, servant, or agent of any person." Each partner is the agent of the others and of the partnership. Story Partnership, *s.* 1; *Eastman* v. *Clark*, 53 N. H. 276, 290. Why, then, does not the respondent fall within the terms of the statute? Had no partnership existed, the criminality of the respondent would be conceded as a matter of course. He would have been then as now within the words of the act. How can the fact that he was a partner,—the agent in law of Thompson, another person,—convert a crime into innocence?

2. That each partner has a right to the possession of the partnership effects is true. They cannot commit larceny of the partnership goods in consequence of this technicality. The same is true in many cases of clerks, agents, and servants of all kinds. It was to obviate this defect of the common law that statutes of embezzlement have been enacted. This point has been plainly put, in *Commonwealth* v. *Simpson*, 9 Met. 138, 142. " The general object of the various statutes in relation to embezzlement . . . . doubtless was to embrace, as criminal offences punishable by law, certain cases where, although the moral guilt was quite as great as in larceny, yet the technical objection, arising from the fact of a possession lawfully acquired by the party, screened him from punishment." If the respondent escapes his responsibility in the present instance, it will be upon the precise technicality suggested in

*Commonwealth* v. *Simpson*, and which the statute was designed to meet.

3. Why should a corporation be protected against its clerk, an individual against the dishonesty of his servant or agent, in whom he reposes confidence, and a partner be left at the mercy of his copartner? Is there any reason for the distinction in the law of conscience, common-sense, or public expediency? The moral turpitude is the same in each case, and the danger to business prosperity and stability equally great.

4. The practical results of a narrow construction of our statute show the absurdity of such construction. An agent, pure and simple, filches ten cents, and is imprisoned. A partner, an agent by another name only, robs his copartner of a million, and flaunts in the face of his victim, society, and the law, a technicality as his protection. The statute under this construction not only protects, but puts a premium upon, partnership rascality. The greater the trust, the less the responsibility. The statute covers this case both in its letter and its spirit. The evil which it is designed to cure is precisely the evil which is at the bottom of this case; the technicality, precisely the technicality behind which the respondent shields himself. The legislature never designed to give partners a monopoly of larceny, and if they did, monopolies are contrary to the spirit of our institutions. No reason can be assigned why they should have exempted partners from the operation of this law.

By the terms of the statute they have covered the personality of a corporation and every conceivable trust relation, unless the partnership relation is excluded. It was clearly the design, by the general description of clerk, agent, or servant, to reach all cases that were shielded by a technical defence,—a defence which has in it not a particle of merit, and is a relic of barbarism. Can any principle of common-sense, justice, public expediency, or common honesty be assigned as a reason why the legislator might, and therefore possibly did, intend to exempt a class, and a most important class, of cases which, according to all authority, fall within the letter and the spirit of the statute, from its operation?

*J. L. Spring*, for the respondent. This is a penal statute in its fullest sense, and must be construed strictly. No strained or unusual construction will be allowed to make that a crime, which, by the common and usual acceptation of the language used, is not clearly made one. If the legislature had intended to include partners, and make them liable to the penalties prescribed in the section, why did they not state it in plain language, and add the word partner? Then there could have been no doubt as to the meaning. This section is made applicable to officers, agents, clerks, and servants. According to the claim of the state, all that was necessary in the statute was to use the word agent, without specifying any further, and then it would have applied to

officers without their being mentioned, because officers of a corporation are its agents. Why mention clerk or servant as such? They both are agents, and there would seem to have been no more propriety or necessity for mentioning them specifically than there was for adding the word partner if they intended to include a partner. The terms agent and partner have a general meaning and application, separate and distinct from each other. No one, in speaking of an agent, would expect or intend to be understood as speaking of a partner, and *vice versa.*

In Broom's Legal Maxims 571, the rule we contend for is stated thus: "A penalty, moreover, must be imposed by clear words. The words of a penal statute shall be restrained for the benefit of him against whom the penalty is inflicted." This rule was recognized in its full extent in *State* v. *Canney,* 19 N. H. 135. The counsel for the state claim that the "spirit" of the law would include a partner as well as an agent; but such a claim is directly opposed to the case of *Wood* v. *Adams,* 35 N. H. 32, 36, where it was held as the law in this state that penal statutes "are not to be extended by their spirit or equity to other offences than those which are described or clearly provided for in their terms." Of course what is true of offences is equally true of offenders. In *Fowler* v. *Tuttle,* 24 N. H. 9, 27, which was an action under a penal statute for the penalty given to "the person who will sue for the same," it was held that the statute could not be extended to include persons, and that the action could not be maintained when brought by two persons. This whole matter was fully considered in *State* v. *Wilson,* 47 N. H. 101, 107, which was an indictment for burglary under the statute containing various terms, as does the statute against embezzlement. Here the construction claimed was in accordance with the definitions given in the dictionaries; but the court held that it could not be so extended. *Perley,* C. J., in his opinion says,—"Where the sense of penal statutes is plain, they must be literally followed; but where it is doubtful, they are to be construed in favor of the supposed offender." And further, that "the general rule undoubtedly is, that the operation of a penal law is not to be extended by equitable construction beyond the strict literal meaning of the terms used in the law. See, also, *Commonwealth* v. *White,* 6 Cush. 181; *United States* v. *Wiltberger,* 5 Wheat. 76; *United States* v. *Sheldon,* 2 Wheat. 119; *Commonwealth* v. *Loring,* 8 Pick. 370; *Dent* v. *State,* 42 Ala. 514; *Atlanta* v. *White,* 33 Ga. 229; *Hathaway* v. *Johnson,* 55 N. Y. 93; *Wood* v. *Erie Railway Co.,* 72 N. Y. 196; *State* v. *Jaeger,* 63 Mo. 403.

SMITH, J. The statute on which this indictment is founded reads as follows: "If any officer, agent, or servant of any corporation, public or private, or the clerk, servant, or agent of any person, shall embezzle or fraudulently convert to his own use any money, bill, note, or other effects or property whatever, of such person or

corporation, or in their possession or keeping, or shall knowingly or voluntarily pay or deliver any such money, bill, note, security for money, evidence of debt, or other effects or property to any person, or to the order of any person, knowing that such person is not entitled to receive the same, he shall be fined not exceeding $2,000, and imprisoned not exceeding five years." G. L., c. 275, s. 8. The operation of the statute is not to be extended to cases within the mischief intended to be suppressed, if they are not at the same time within its terms fairly interpreted. *Wood* v. *Erie Railway Co.*, 72 N. Y. 196 ; *United States* v. *Wiltberger*, 5 Wheat. 76 ; 2 Bish. Cr. L., s. 331.

It is contended, on behalf of the state, that partners being in law the agents of the firm, the statute is broad enough to include a partner who embezzles the property of his firm. This conclusion by no means follows. Words in statutes are to be read in their popular, natural, and ordinary sense. *Birks* v. *Allison*, 13 C. B. N. S. 23 ; Broom Leg. Max. 570. If the legislature intended to use the word " agent" in the sense contended for, it was unnecessary to insert the words " officer," " clerk," or " servant," for an officer or servant of a corporation is its agent for some purposes ; and the clerk or servant of a person is his agent for the discharge of duties within the sphere of his employment. If it was the legislative intent to include partners in the statute, it is not easy to understand why they were not mentioned, or why the intent was left to be discovered by implication.

The statute 24 and 25 Vict., c. 96, s. 68, provided for the punishment of embezzlement by a clerk or servant of the property of his master or employer. Under this statute it has been held that a member of a friendly society could not be convicted of embezzling money taken by him on sales of tickets for a railway excursion, which he was appointed by the society to manage. The decision went upon the ground that he was a joint owner of the money (the property of the society not being vested in trustees), and that he was not a clerk or servant within the meaning of the statute. In *Reg.* v. *M'Donald*, L. & C. 85, the prisoner was cashier and collector to commission merchants, and was paid partly by salary and partly by a percentage on the profits, but was not to contribute to the losses ; and he had no control over the management of the business. It was held that while there might be a partnership in the business as to third persons, there was none *inter sese*, and being a servant he was held liable for embezzling the property of his employers. See, also, 2 Bish. Cr. L., ss. 341, 343 ; *Holme's Case*, 2 Lew. 256 ; *Regina* v. *Diprose*, 11 Cox C. C. 185 ; *Regina* v. *Proud*, L. & C. 97. To meet what was considered a defect in England in its laws for the detection and punishment of embezzlement, the statute 31 and 32 Vict., c. 116, s. 1, was passed, punishing embezzlement, by a member of a copartnership, of its money, effects, and property. In *Commonwealth* v. *Bennett*, 118 Mass. 443, the

respondent was not a partner; and the ruling that he could not be convicted of the embezzlement charged, if he supposed when he took the money that he was a partner, was held sufficiently favorable to him.

We have not been referred to any decision, and we have not in our investigations discovered one, which holds that a partner may be convicted of embezzling the property of the copartnership under a statute similar to ours. The crime of embezzlement is purely statutory, originating in attempts to amend the law as to larceny. Further legislation is necessary to reach the case of embezzlement by one partner of the property of the firm.

The other count charges that the respondent, being the partner of Thompson, embezzled the property of Thompson. This is not sufficient. *Non constat*, that being a partner with Thompson he was his clerk, servant, or agent, and came into the possession of Thompson's corn and grain as such clerk, agent, or servant.

*Indictment quashed.*

STANLEY, J., did not sit: the others concurred.