## STEPHEN R. RYAN, APPELLANT, *v.* JAMES M. HARDY, RESPONDENT.

*Partnership — when an agreement therefor is not rendered invalid by reason of its providing for the use in the firm name, of the name of one not in fact a member —* 1833, *chap.* 281.

Articles of copartnership entered into between the plaintiff and defendant Hardy, provided that the former should be a secret partner and should employ one Keefe "as his agent to act for him and in his place and stead" in all matters pertaining to the partnership, and that the firm name should be Hardy & Keefe. Business was carried on under this agreement until the expiration of the term thereby fixed, when Hardy assumed to be the sole owner of the assets and excluded the plaintiff from the business and denied that he had any interest therein.

In this action, brought by the plaintiff to compel him to account:

*Held*, that the agreement was not void, as being in violation of chapter 281 of 1833, prohibiting any person from transacting business in the name of a partner not interested in the firm, or using the words "and company," unless they represented actual partners, and that the referee erred in dismissing the complaint on that ground.

That the object of the act was to prevent individuals engaged in business from obtaining from the public a false credit; that in this case Keefe was liable as a partner to third persons, and consequently this case was not within the intention of the statute.

APPEAL from a judgment entered on the report of a referee dismissing the complaint.

*O'Brien & Emerson*, for the appellant.

*McCartin & Williams*, for the respondent.

SMITH, P. J.:

This action is brought for the dissolution of a copartnership between the plaintiff and defendant and for an accounting.

The referee held that the articles of copartnership between the parties were illegal and void as against the provisions of chapter 281 of the Laws of 1833, entitled "An act to prevent persons from transacting business under fictitious names." The first section of the act provides that no person shall hereafter transact business in the name of a partner not interested in his firm, and when the designation "and company" or "& Co." is used, it shall represent an actual partner or partners. By the second section, an offense against the provisions of said act is made a misdemeanor, punishable by fine.

The articles in this case provided that the plaintiff should be a secret partner, that he should employ William Keefe "as his agent to act for him and in his place and stead" in all matters pertaining to the partnership, and that the firm name should be "Hardy & Keefe." All parties acted under that agreement, and the business of the firm was carried on by the defendant and Keefe personally, the plaintiff furnishing his share of the capital. At the end of the term provided for by the agreement, Hardy assumed to be the sole owner of the assets of the firm, excluded the plaintiff from the building in which the business of the firm had been carried on, denied that he had any interest in the firm and refused to allow him any control, or to account to him. The only question in the case is whether the agreement is void by the statute.

We think it is not within the meaning of the statute. The object of the act was to prevent individuals engaged in business from obtaining a false credit and imposing upon the public by using the name of a person not interested in the firm. (*Wood* v. *Erie R. Co.*, 72 N. Y., 196.) The respondent insists that the use of Keefe's name was a violation of the statute. But the agreement contemplated not only that Keefe's name should appear in the name of the firm, but also that he should take such part in the business of the firm as that he would hold himself out to the world as a partner. He did in fact take such part. He was an ostensible partner. As such he was liable to third persons. (*Guidon* v. *Robson*, 2 Camp., 302; *Fox* v. *Clifton*, 6 Bing., 776; 3 Kent's Com., 30; 1 Wait's Law

and Prac., 277.) The public was not imposed upon and no false credit was obtained within the meaning of the act. The plaintiff, the defendant and Keefe were all liable for the engagements of the firm to third persons, although as between themselves the plaintiff and defendant were the only partners. If Keefe's name had been used without his knowledge or consent the case would have been different. In the case of *Swords* v. *Owen* (43 How., 176), cited by the defendant's counsel, the words " & Co." represented no actual partner.· So in *O'Toole* v. *Garvin* (1 Hun, 92). In *Wood* v. *The Erie Railway Co. (supra)*, the plaintiff, in the name of " Wood Brothers" delivered a carriage to the defendant to be transported from Buffalo to New York, and the carriage having been injured while in the defendant's possession, he sued to recover damages. Prior to the shipment, the plaintiff had been associated with his brother in the business of manufacturing and selling carriages under the firm name of " Wood Brothers," but the brother had retired from the firm. The court held that the fact that the plaintiff was doing business in the firm name in violation of the act referred to, and that the carriage was shipped in the firm name, was no defense to the action, on the ground that the transaction with the carrier was not within the provision of the act. In that case it was said that the act being highly penal, will not be extended by implication or construction to cases not within the terms of the act fairly interpreted. (See, also, *Zimmerman* v. *Erhard*, 83 N. Y., 74.)

The judgment should be reversed, and a new trial ordered before another referee, costs to abide event.

HARDIN and DWIGHT, JJ., concurred.

Judgment reversed, and a new trial ordered before another referee, costs to abide the event.