Corlett, J.
—On the 26th day of January, 1882, the defendant insured William Corris & Co., a firm doing business in Rochester, against loss and damage by fire for one year, in a sum not exceeding $1,000 on the machinery, belting, fixtures, tools, and forms contained in their building in said city. On the 8th day of January, 1883, the property insured was partially destroyed by fire. The loss chargeable to the defendant was claimed to be $498.98 with interest from May 5, 1883. Proof of loss was served by the plaintiff; the defendant refused payment, and in May, 1883, this action was commenced. An answer was interposed, and the cause was tried before Justice Rumsey and a jury, which resulted in a verdict for the plaintiff. The defendant appealed from the judgment entered upon the verdict. A new trial was granted upon the ground that the question whether the risk was increased by the alterations, etc., should have been submitted to the jury. The case shows that the evidence upon that trial was substantially the same as upon this, except on the question upon which a new trial was granted. The court held that no errors were committed in other respects on the trial. It appeared that on -the 28th day of September, 1882, the firm name was changed from Corris & Co., to the Rochester Wheel Co., *95 when an inventory of the company was taken, and the business thereafter was treated in most respects as belonging to the plaintiff; but no notice of the dissolution was published until January, 1883, and on the eighth of March following, Corris and the plaintiff settled. The former assigned all his interest in the business and property to the plaintiff, and took his note for the price. This court on the former appeal held that the proofs of loss, including thesuppletory affidavit, were a compliance “with the provisions in that respect of the contract of insurance. There was no transfer or change of the title to the property insured, or any part thereof, or of any interest therein, within the meaning of the policy during its continuance and prior to the time of the loss. The exception to the denial of the motion to non-suit was not well taken.”
A re-examination of the case in this respect leads to the same result; it was not until the settlement in March, 1883, that a change of title was effected. Murray v. Mumford, 6 Cowen, 441.
Besides, a transfer by one member of a firm to another is not such an alienation of title or transfer of interest as avoids the policy. Hoffman v. Ætna Insurance Company, 32 N. Y., 405.
The fact that the plaintiff assumed the name of the Rochester Wheel Company is no defense. Wood v. Erie Railroad Co., 72 N. Y., 196.
The proofs of loss were sufficient. After the fire Mr. Brennan acquired knowledge of the changes, etc., in the building. He was the general agent. His knowledge and acts were those of the company. Van Schaick v. Niagara Fire Ins. Co., 68 N. Y., 434; Bennett v. North British, etc., Ins. Co., 81 id., 273.
Titus v. Glens Falls Ins. Co. (81 N. Y., 410-419) sustains the trial justice in his charge on the subject of forfeiture and waiver.
It is insisted that the alterations and additions caused the loss complained of. The plaintiff, in his proof of loss, expresses the opinion that the fire originated through friction in the exhaust fan, which was put into the building after the insurance, without the consent of the defendant While the statement in the affidavit was evidence on the question as to how the fire originated, still it is not conclusive. It amounts to nothing more than an opinion Ho claim is made that he possessed actual knowledge of the subject. That question was one of fact for the jury. Mack v. Rochester German Ins. Co., 35 Hun, 75.
Some evidence was given on the trial tending to show that the putting in of the fan did not increase the risk, but in fact diminished it. The evidence does not show that it *96 was improperly constructed or taken care of. No such claim is made. One skilled in the construction of such machinery may be allowed to express an opinion as to its effect in response to a hypothetical question. 'This was allowed by the trial justice, but it was not error to exclude the evidence rejected. The question placed the witness in the position of the jury. For that purpose expert testimony is inadmissible. Jefferson Ins. Co. v. Cotheal, 7 Wend., 72; Ferguson v. Hubbell, 97 N. Y., 507.
There was some evidence tending to show that all the new machinery was put into the building before January, 1883, and as already shown, the title did not change until March, so that it was not necessary for the plaintiff to show how much of the machinery damaged was put into the building after September and before the following March. It is not claimed that the policy does not include suitable new machinery.
No errors appear to have been committed to the prejudice of the defendant.
The judgment and order must he affirmed.
Haight and Bradley, JJ., concur.