GrUNTEB, J.
Plaintiff sued in tort to recover as damages the value of two houses and four cows. Prom a judgment for plaintiff defendant appeals. At the conclusion of the evidence the court submitted to the jury one question — the damages sustained.
The evidence without conflict showed plaintiff the owner of certain village lots. Upon these were two residences used therewith; this presumptively established him the owner thereof.—Dooley v. Crist, 25 Ill. 551. There was no evidence to rebut this presumption. Defendant without authority removed and appropriated the houses. The cows plaintiff owned. They were left in possession of two parties for use; these parties without real or apparent authority from plaintiff sold them to defendant, who took and retained them. No evidence in conflict with these facts.
There was under the evidence but the above question of damages to go to the jury. The charge as to its submission is unchallenged.
Session Laws 1897, p. 248, prescribes that any person trading or doing any business under the firm name of trustee shall file with the county recorder an affidavit setting forth the full names and addresses of all the parties who are represented by the trustee, and in default of filing such affidavit such person so trading and doing bsuiness shall not be permitted to *426 prosecute any suits “for collection of Ms debts” until such affidavit shall be filed. Fine or imprisonment is prescribed as a penalty for violation of the act. The affidavit was not filed. Appellant contends that its absence should abate the action. As to this objection it suffices to say, the statute applies only to suits for the collection of debts. This suit is not in the nature of an action for debt, it is an action in tort; it was not within the statute. The statute is highly penal and should be strictly construed. It does not embrace an action of tort.—Wood v. Erie Ry. Co., 72 N. Y. 196, 28 Am. Rep. 125.
Section 2468, Pomeroy’s Civil Code Calif., is similar to the statute before us except the absence of a penal clause. As construed it does not apply to actions for torts.—Ralph v. Lockwood, 61 Calif. 155.
There was no error below justifying a reversal.
Judgment affirmed. . Affirmed.
Thomson, J., not sitting.