Argued July 1, reversed September 23, 1924.

# CARL F. TURNEY v. THE J. H. TILLMAN CO.

### (228 Pac. 933.)

**Master and Servant—State may Prescribe Hours of Labor on Its Own Works.**

1. State has power to prescribe for itself such rules of conduct as it deems best suited for particular work in which it is engaged, and may dictate rules for its own guidance, which might be intolerable if applied to private activities, as by passage of Sections 6721–6723, Or. L., relating to employment for only eight hours on state works.

**Contracts—When Contracts in Violation of Statute are Void.**

2. Generally speaking, a contract is illegal if it violates constitutional statute, or if it cannot be performed without violation of such statute; but this rule is not inflexible, since it is only when statute is silent, and contains nothing from which contrary is to be inferred, that contract is void.

**Contracts — Statute Prohibiting Contract but Declaring Consequences Does not Render Prohibited Contract Void.**

3. Where statute which prohibits contract at same time also limits effect, or declares consequences which shall attach to making of it, general rule that contracts prohibited by statute are void does not apply.

**Contracts—Contract in Violation of Statute Need not be Mala in Se to be Invalid.**

4. Generally, under rule that contracts in violation of statute are void, there is no distinction between acts *mala in se* and acts *mala prohibita*, though contracts not *mala in se* are sometimes held valid, when necessary to save from injury persons for whose protection the violated statutes were enacted, or when the public interest so requires.

**Contracts—Contract Employing Men on State Job Beyond Eight Hours not Invalid as to Employee.**

5. Contract of employment of employee on state job in excess of eight hours a day, in violation of Section 6721, Or. L., is not void as far as employee is concerned, so as to prevent collection for

1. Validity of limitation of hours of labor on public works, see notes in 1 Ann. Cas. 46; 10 Ann. Cas. 721; Ann. Cas. 1912A, 773; 8 L. R. A. (N. S.) 131; 24 L. R. A. (N. S.) 201; 34 L. R. A. (N. S.) 767.

Construction, applicability and effect of Hours of Service Laws, see notes in L. R. A. 1915D, 408; L. R. A. 1917A, 1202.

What employees are within the "hours of labor" statutes, see notes in Ann. Cas. 1918C, 338; 16 A. L. R. 537.

labor in excess of eight hours, notwithstanding Sections 6718, 6722, 6723; such laws being passed for benefit of employees.

**Contracts—In Determining Whether Contracts in Violation of Statute are Void, Legislative Intent to be Ascertained.**

6. In determining whether contract prohibited by statute is void and unenforceable, legislative intent must be ascertained, and courts will look to language of statute, the subject matter of law, the wrong or evil which it seeks to remedy, and purpose sought to be accomplished.

**Contracts—Person for Whose Benefit Statute Enacted cannot Waive It if Waiver Would Violate Public Policy.**

7. Usually, person may waive by agreement benefit of statutory provision, but not where waiver would violate public policy expressed therein, or where rights of third parties which statute was intended to protect are involved.

**Contracts—Public Policy may Vary With Times.**

8. Because habits, opinions, and wants of people vary with times, public policy may change with them.

**Master and Servant—Presumed Employment for More Than Eight Hours Warranted by Facts.**

9. Under Section 799, subdivisions 1, 19 and 20, Or. L., where contractor on state job employed plaintiff more than eight hours a day, it must be presumed that there was necessity, emergency or public policy requiring it under Section 6721, Or. L., in absence of showing to contrary.

**Constitutional Law—Courts have Nothing to Do With Wisdom of Statute.**

10. Courts have nothing to do with wisdom or unwisdom of statute enacted by legislature.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

Plaintiff brought this action against the J. H. Tillman Company, a corporation, to recover the value of services rendered by plaintiff for the defendant for overtime in excess of eight hours per day. Also, on an assigned claim of one George Smith for the recovery for like services.

The question raised in the court below was as to the sufficiency of the pleadings. At the trial the defendant interposed an objection to the introduction of any testimony, for the reason that the facts stated in

the complaint do not constitute a cause of action and only recite the commission of a crime against the laws of the State of Oregon. The court sustained the objection and rendered judgment in favor of defendant for its costs. Plaintiff appeals.

Plaintiff alleges in his complaint, in substance, the corporate character of the defendant, and that it was engaged in carrying on certain state work under a written contract with the State of Oregon for the building and paving of certain state highways near Seaside, in the State of Oregon; and for the benefit of all laborers employed on said work a special provision was made in the contract that eight hours should constitute a day's work, and all employees upon said work who should perform work or labor in excess of eight hours a day should be compensated therefor upon the basis and at the rate of double pay for all such excess or overtime above eight hours for each day or night shift. The complaint then recites:

"That on or about the 12th day of April, 1921, defendant employed this plaintiff upon said work as a truck driver for and at the agreed wage of $4.00 per day and that thereafter, plaintiff continued to perform work and labor for defendant as aforesaid, until about the 3rd day of September 1921; and that at the special instance and request of defendant, plaintiff during said time performed labor in excess of eight hours per day, to the extent and amount of 643 hours of such excess, or overtime, and was and is entitled to receive for such excess or overtime the sum of $643.00."

And then alleges the defendant has not paid the same, or any part thereof except one half and asks for a reasonable attorney's fee of $75.

The second cause of action is for a similar claim for like services performed by George Smith in ex-

cess of eight hours per day to the amount of 520 hours, claiming a balance of one half, or $260.

Defendant, by its answer to the first cause of action, admits that it was engaged in performing work under certain written contracts for the State of Oregon, denies a portion of the complaint and further alleges:

"That it employed the plaintiff to perform certain services for it as a truck driver for and at the agreed wage of $4.00 per day; that the defendant has made full settlement and payment to the plaintiff and that there has been a full and complete accounting and settlement between the plaintiff and defendant for all overtime claimed by the plaintiff, and that there is not now due, owing, or unpaid from the defendant to the plaintiff any sum whatsoever on account of overtime or otherwise."

The answer to the second cause of action is to the same effect as to the first.

The plaintiff, by his reply, denies the accounting or settlement for the services mentioned as to either cause of action.                                    REVERSED.

For appellant there was a brief and oral arguments by *Mr. Allan R. Joy* and *Mr. W. S. U'Ren.*

For respondent there was a brief and oral argument by *Mr. Edward C. Judd.*

BEAN, J.—Oregon Laws, Section 6721, reads as follows:

"In all cases where labor is employed by the state, county, school district, municipality, municipal corporation or subdivision, either directly or through another, as a contractor, no person shall be required or permitted to labor, except as hereinafter provided, more than eight hours in any one day, or forty-eight

hours in any one week, except in cases of necessity, emergency, or where the public policy absolutely requires it, in which event the person or persons so employed for excessive hours shall receive double pay for the overtime so employed; and no emergency, necessity or public policy shall be presumed to exist when other labor of like skill and efficiency, which has not been employed full time, is available'';

Oregon Laws, Section 6722, is as follows:

''Eight hours shall constitute a day's labor in all cases where the state, county, school district, or any municipality, municipal corporation or subdivision is the employer of the labor; either directly or indirectly, by contract with another.''

Oregon Laws, Section 6723, reads as follows:

''All contractors, subcontractors, or agents, or persons whatsoever in authority or in charge, who shall violate the provision of this act as to the hours of employment of labor as herein provided, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in a sum of not less than fifty dollars nor more than one thousand dollars, or with imprisonment in the county jail for a period of not less than five days nor more than one year, or by both such fine and imprisonment, in the discretion of the court.''

Oregon Laws, Section 6718, pertaining to the terms of contract and undertaking of contractors performing a public improvement, after specifying the conditions that should be contained in the contract and the provision for a penal bond, provides as follows:

'' * * and every such contract shall contain a condition that no person shall be employed for more than eight hours in any one day, or forty-eight hours in any one week unless in case of emergency when no other competent labor is available, and in such cases such laborer shall be paid double wages for all overtime.''

An amendment to the latter section is found in General Laws of Oregon, 1923, page 32, which need not be noticed here.

It is contended by plaintiff that the penalty provided for in Section 6723 does not apply to an employee performing labor in excess of eight hours per day but only to the employer under such contracts, and that the laborer is not *particeps criminis* as claimed by defendant.

It is admitted in the consideration of this case, that the labor for which plaintiff claims was performed in the furtherance of a contract for the improvement of a state highway, which was entered into between the defendant and the State Highway Commission of the State of Oregon.

1. It is settled that this state has the power to prescribe for itself such rules of conduct as it deems best suited for the particular work in which it is engaged. It may dictate rules for its own guidance which might be intolerable if applied to private persons in the prosecution of their private activities: *Ex parte Steiner*, 68 Or. 218, 222 (137 Pac. 204). The statute is regarded chiefly in the nature of a direction from a principal to his agent: *United States v. Martin*, 94 U. S. 400 (24 L. Ed. 128, see, also, Rose's U. S. Notes). It declares that no person shall be permitted or required to perform labor for the state, or for any of its administrative agencies, more than eight hours in a calendar day. It says to the contractor of state work, no one can work for you in excess of eight hours in a day, except in certain cases: *Ex parte Steiner, supra*. The constitutionality of the act is not questioned in this case.

Section 6723, Or. L., enacts that all contractors subcontractors, or agents or persons whomsoever in au-

thority or charge, who shall violate the provision of the act shall be deemed guilty of a misdemeanor and penalizes such a violator as therein provided. The language of this section is not directed to the employee and the law does not penalize him.

2, 3. Generally speaking, there can be no doubt that a contract is illegal if it violates a constitutiontal statute, or if it cannot be performed without the violation of such a statute. The rule that a contract is invalid if it conflicts with a statute, is, however, not an inflexible one. It is only when the statute is silent, and contains nothing from which the contrary is to be inferred, that the contract is void. Therefore, where a statute which prohibits a contract at the same time also limits the effect, or declares the consequences which shall attach to the making of it, the general rule that contracts prohibited by statute are void, does not apply. A distinction should be drawn between provisions and penalties which aim to prohibit the making of contracts, and the imposition of duties which are entirely collateral to an individual contract. It is too much to say that the contract is void simply because there has been a noncompliance with such duties: 6 R. C. L. 699, § 105.

4, 5. As to contracts in violation of a statute, it may be said, in a general way, that there is no distinction between acts *mala in se* and acts *mala prohibita*. However, contracts made in violation of a statute if not *malum in se* are sometimes held valid, and generally so notwithstanding the infraction of law, whenever it becomes necessary to save from injury persons for whose protection the violated statutes were enacted, or whenever the public interest require that such contracts shall be enforced. If a statute penalizes an act of one person merely for the

protection of another standing in a certain relation to him, a contract founded upon that act, if not expressly prohibited by such statute, may be valid: 6 R. C. L. 701, § 106; *Leggett* v. *Goodrich,* 20 La. Ann. 165 (96 Am. Dec. 388); *Cashin* v. *Pliter,* 168 Mich. 386 (134 N. W. 482, Ann. Cas. 1913C, 697); *Wood* v. *Erie R. Co.,* 72 N. Y. 196 (28 Am. Rep. 125, 12 L. R. A. (N. S.) 618, 619). In the not referred to, we read as follows:

"The general rule that courts will not enforce contracts prohibited by statute, nor allow money or property paid or delivered in pursuance of them to be recovered back, does not apply to the innocent party for whose protection the statute was enacted. *Mason* v. *McLeod,* 57 Kan. 105 (45 Pac. 76, 57 Am. St. Rep. 327, 41 L. R. A. 548)."

The act in question was passed to discourage employers, in arbitrarily working laborers overtime on public works under penalty of discharge if objection is made to so working. It is obviously to preserve the health and efficiency of laborers on public works, and also to provide employment in the event of any "necessity, emergency or public policy" in case of such necessity when "other labor of like skill and efficiency, which has not been employed full time is available." The provision of the statute where there is a necessity or emergency, or where the public policy absolutely requires laborers to work overtime, that the person so employed for excessive hours shall receive double pay for such overtime, is evidently intended as a deterrent to check an employer requiring such laborers to work overtime. It is somewhat in the nature of a penalty for a seeming variance of the general rule in addition to the penalty provided for in Section 6723, Or. L. The statute penalizes the act

of the employer requiring persons to labor overtime, except in certain cases, for the protection of the employee, or those standing in a subordinate relation to him and under his control and dictation to a certain extent: *State* v. *Bunting*, 71 Or. 259, 279 (139 Pac. 731, Ann. Cas. 1916C, 103, L. R. A. 1917C, 1162); affirmed, *Bunting* v. *Oregon*, 243 U. S. 426 (Ann. Cas. 1918A, 1043, 61 L. Ed. 830, 37 Sup. Ct. Rep. 435, note, 19 L. R. A. 143); *United States* v. *Post*, 148 U. S. 124, at page 133 (37 L. Ed. 392, 13 Sup. Ct. Rep. 567, see, also, Rose's U. S. Notes), we read:

"The statute was manifestly one for the benefit of the carriers, and it does not lie in the mouth of the government to contend that the employment in question was not extra service, and to be paid for as such, when it appears that the United States, in accordance with the regulations of the Post Office Department, actually employed the letter-carriers the extra number of hours per day, and it is not found that they were so employed as clerks."

It would be depleting the statute of its meaning and defeat its purpose if such a construction should be given to the law, that would prevent the laborer from collecting for work in excess of eight hours per day, although the employer might violate the statute in requiring such work. Ordinarily the offending party should not be allowed to take advantage of its own wrong in order to escape liability. Plaintiff and his assignee were not *in pari delicto* with defendant.

In *Bunting* v. *Oregon*, 243 U. S. 426, at page 436 (Ann. Cas. 1918A, 1043, 61 L. Ed. 830, 37 Sup. Ct. Rep. 435), speaking of the payment for overtime, the court says:

"There is a certain verbal plausibility in the contention that it was intended to permit 13 hours' work if there be 15½ hours' pay, but the plausibility dis-

appears upon reflection. The provision for overtime is permissive, in the same sense that any penalty may be said to be permissive. Its purpose is to deter by its burden and its adequacy for this was a matter of legislative judgment under the particular circumstances.''

In *Cashin* v. *Pliter, supra,* at page 699 of Ann. Cas. 1913C, we read:

''As this act involves purely business transactions, and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute.''

In *Holden* v. *Hardy,* 169 U. S. 366, (42 L. Ed. 780, 18 Sup. Ct. Rep. 383, see, also, Rose's U. S. Notes), the court had under consideration the statute of Utah regulating the period of employment in underground mines. At page 397 the court uses the following language:

''The legislature has also recognized the fact, which the experience of legislators in many states has corroborated, that the proprietors of these establishments and their operatives do not stand upon an equality, and that their interests are, to a certain extent, conflicting. The former naturally desire to obtain as much labor as possible from their employees, while the latter are often induced by the fear of discharge to conform to regulations which their judgment, fairly exercised, would pronounce to be detrimental to their health or strength. In other words, the proprietors lay down the rules and the laborers are practically constrained to obey them. In such cases self-interest is often an unsafe guide, and the legislature may properly interpose its authority.

''It may not be improper to suggest in this connection that although the prosecution in this case was

against the employer of labor, who apparently under the statute is the only one liable, his defense is not so much that his right to contract has been infringed upon, but that the act works a peculiar hardship to his employees, whose right to labor as long as they please is alleged to be thereby violated.''

The federal court seems to take a different view of the statute, as to who was liable for an infraction of the law, than did the majority of the Supreme Court of Utah in the later case of *Short* v. *Bullion,* 20 Utah, 20 (57 Pac. 720, 45 L. R. A. 603). The language of the Utah statute, as construed by the Supreme Court of that state, differs materially from ours, and it is unnecessary for us to construe that statute.

6–8. In all cases the true rule seems to be that the question is one of legislative intent, and the courts will look to the language of the statute, the subject matter of the law, the wrong or evil which it seeks to remedy, and the purpose sought to be accomplished in its enactment. If from all these it is manifest that it was not intended to render the prohibited act void, the courts will so hold and construe the act accordingly: 13 C. J. 422, § 352. Usually a person may waive by agreement the benefit of a statutory provision. But there is an exception to this general rule in the case of a statutory provision whose waiver would violate public policy expressed therein, or where rights of third parties which the statute was intended to protect are involved: 13 C. J. 423, § 355. By reason of the fact that the habits, opinions, and wants of the people vary with the times so public policy may change with them. So because these habits, opinions and wants are different in different places, what may be against public policy in one state or country may not be so in another: 13 C. J. 427, § 363. The law reads thus, in 13 C. J. 499, § 443:

"*Where One Party is Protected by the Law.* The. complaining party is especially protected by the law where the agreement is not illegal *per se* but is merely prohibited, and the prohibition was intended for his protection, and in such case, not being in *pari delicto,* he is entitled to relief. The fact that the penalty is imposed on one of the parties alone shows clearly that the law does not consider them in *pari delicto.* * * "

Reference is made as an example in the latter part of that section to "statute for the protection of laborers": *Short* v. *Bullion,* 20 Utah, 20 (57 Pac. 720, 45 L. R. A. 603), which is cited and relied upon by defendant, is cited in the note as being contrary to the text. In *Babcock* v. *Goodrich,* 47 Cal. 488, upon which the text in Corpus Juris is based, it is stated at page 509 as follows:

"If a county shall contract directly with the laborer, it will not be contended that the former may refuse to pay the latter his hire, because he had worked too many hours, or had not, by express stipulation, limited the time which should constitute a day's work. The law was passed for the protection of the laborer; * * "

Letter-carriers were held entitled by the court of claims to extra compensation for extra hours of labor under the act of Congress of May 24, 1888, providing that a letter-carrier who was employed a greater number of hours per day than eight shall be paid extra for the same in proportion to the salary fixed by law, although by U. S. Rev. Stats., § 1764, it was provided that no allowance or compensation for extra services should be made unless expressly authorized by law for services which an officer or clerk might be required to perform: *Post* v. *United States,* 27 Ct. of Cl. 244, affirmed by the Supreme Court of United States in *United States* v. *Post,* 148 U. S.

124 (37 L. Ed. 392, 13 Sup. Ct. Rep. 567, see, also, Rose's U. S. Notes). It was there held that such a carrier is entitled to eight hours pay for a day's work whether eight hours work be given or not, with extra pay for other days on which he is given an excess of work. A deficit of work on one day cannot be set off against an excess on another: Ibid.

In the case of *Birkett* v. *Chatterton,* 13 R. I. 299 (43 Am. Rep. 30), cited by defendant, a case in which it was attempted to recover for wages earned by a minor in an occupation contrary to the laws of the State of Rhode Island. The statute of that state provides:

"Sec. 24. Every owner, employer, or agent of a manufacturing establishment, who shall knowingly and willfully employ any minor, and every parent or guardian who shall permit or consent to the employment of his or her minor child or ward, contrary to the provisions of the next three preceding sections of this chapter, shall be liable to a penalty of twenty dollars for each offense, * * *"

In effect that statute penalized both parties to the contract, or the parents or guardian for permitting or consenting to such employment. The court held there could be no recovery.

9. There is, however, no allegation in the complaint that the defendant violated the statute in question or committed any crime. The presumption is, until otherwise shown, that the defendant is innocent of crime or wrong: Or. L., § 799, subd. 1. The statute presumes that private transactions have been regular and fair and that the ordinary course of business has been followed: Or. L., § 799, subds. 19, 20. In the absence of any allegation to the contrary, in construing the complaint, it must be presumed that the defendant performed its duty and permitted or required the

parties named to work overtime by reason of neces-
sity, emergency or where public policy absolutely re-
quired it, and that there was no other labor of like
skill and efficiency which had not been employed full
time, available: *Shields* v. *Grace & Co.*, 91 Or. 187,
203 (179 Pac. 265).

This, as we view the case, disposes of the conten-
tion of the defendant that the plaintiff's initiatory
pleading is vulnerable to the objection made by de-
fendant for the reason that the complaint does not
show that the excess labor was performed in case of
necessity or emergency so as to come within the ex-
ception of the statute. As already noticed, our stat-
ute does not make it unlawful for one to employ labor
for more than eight hours in a day under certain
conditions. It, however, fixes a greater price to be
received by the person employed for the overtime
when employed for excessive hours. As alleged in
the complaint, the contract of defendant and the bond
covering the same, provided for such double pay.
That contract, under the express provisions of the
statute, was made in part for the benefit of the em-
ployee on the work, and the statute and contract
should be so construed as to permit a recovery of pay
for such labor under proper conditions.

The matter of accord and satisfaction pleaded in
the answer and denied in the reply was mentioned in
the argument. That being an issue still undeter-
mined, it forms no part in the consideration of the
sufficiency of the complaint, and cannot be considered
upon this appeal.

10. We have nothing to do with the question of the
wisdom or unwisdom of the enactment. It is for the
court to carry out the intent of the lawmakers as ex-
pressed in the statute: *State* v. *Young,* 74 Or. 399

(145 Pac. 647).   The remedy, if the law in practical affairs is not salutory, is to be found in the lawmaking forum of the state.

We, therefore, hold that the court erred in excluding the testimony of the plaintiff, on account of the insufficiency of the complaint.   The judgment will therefore be reversed and the cause remanded for such further proceedings as may be deemed proper not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and BROWN, J., concur.