# GRIMMETT EXCAVATING CONTRACTORS,
*Appellant,*

*v.*

# FARMERS & MERCHANTS BANK,
*Respondent.*

(43-705; A25954)

668 P2d 439

Paul S. Wiggins, Jr., Forest Grove, argued the cause and filed the brief for appellant.

Mark R. Wada, Portland, argued the cause for respondent. With him on the brief was Benjamin, Waggoner, Chapman & Farleigh, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action for breach of contract. Plaintiff appeals from a summary judgment for defendant. The issue is whether the alleged contract is void as a matter of law. We conclude that it is and affirm.

Defendant received its bank charter from the Superintendent of Banks on January 2, 1981. Plaintiff's complaint alleged that in September, 1980, the bank's former president agreed that the bank would loan it $200,000 at 14 percent interest. Prior to January, 1981, plaintiff negotiated an interim loan with another bank at a floating interest rate. After receiving its charter, the bank refused to make the loan. The trial court ruled that, as a matter of law, the alleged agreement was illegal and therefore void and unenforceable.

ORS 707.160(1) provides:

"An institution shall not transact any business, except as is incidental or necessary to its organization, until it has received its charter from the [Superintendent of Banks]."

Generally, an agreement made in violation of a statute is void, but that rule is not inexorable and unbending. *Bronson v. Moonen,* 270 Or 469, 478, 528 P2d 82 (1974); *Mountain Fir Lmb. Co. v. EBI Co.,* 64 Or App 312, 667 P2d 567 (1983). In *Uhlmann v. Kin Daw,* 97 Or 681, 689-90, 193 P 435 (1920), the Supreme Court stated:

"* * * An agreement is illegal if it is contrary to law, morality or public policy: 6 R.C.L. 693. Plain examples of illegality are found in agreements made in violation of some statute; and, stating the rule broadly, an agreement is illegal if it violates a statute or cannot be performed without violating a statute.

"* * * * *

"The rule that an agreement is illegal and unenforceable if it conflicts with the provisions of a statute is not inexorable and unbending. * * *

"* * * * *

"* * * The inquiry is as to the legislative intent, and that may be ascertained, not only by an examination of the express terms of the statute, but it may also be implied from the several provisions of the enactment. Of course, if a statute expressly declares that an agreement made in contravention of it is void,

then the inquiry is at an end; but, in the absence of such a declaration, the court may take the statute by its four corners and carefully consider the terms of the statute, its object, the evil it was enacted to remedy, and the effect of holding agreements in violation of it void, for the purpose of ascertaining whether it was the legislative intent to make such agreements void * * *."

We look also at the statute to determine whether its purpose is to prevent business or rather to require performance of a duty collateral to any agreement that might arise out of business. *See Hunter v. Cunning,* 176 Or 250, 154 P2d 562 (1944), 157 P2d 510 (1945). *Hunter* explained this difference by comparing its facts with those of *Uhlmann,* where the court held that the statutory prohibition against doing business under an assumed business name without first filing the proper certificate did not mandate voiding agreements. *Hunter* explained:

"* * * Under the assumed business name act, any person or persons may qualify to do business under an assumed name by the mere voluntary filing of a certificate. They need no license; need comply with no test; need give no bond or undertaking for the protection of persons with whom they deal. The mere filing of the certificate qualifies a rascal to do business under an assumed name, equally with an honest man. His subsequent rascality cannot be penalized by taking away his right to do business under his fictitious name. While violation of any of the provisions of the act is classed as a misdemeanor, there is no indication that each separate act of business shall be regarded as a distinct violation. Moreover, the criminal penalty attached is a mere fine of not exceeding $100. Generally, in such cases, the infliction of the statutory penalty is deemed sufficient to accomplish the legislative purpose." 176 Or at 271.

The statute involved in *Hunter* made it unlawful to act as a real estate broker without a license. The court noted that such licenses are only granted to persons of good reputation for honesty, truthfulness and fair dealing, and it detailed the requirements and regulations imposed on applicants for a broker's license. The court stated that the rule that voids a contract made in contravention of statute "will always be applied, when the statute is for the protection of the public from moral evils, or from those which, from experience, we

know society must be guarded against by preventive legislation." *Hunter v. Cunning, supra,* 176 Or at 275. Finding that the statute was intended to protect the public from such evil, the court voided the agreement.

In *Schramm v. Bank of California,* 143 Or 546, 20 P2d 1093, 23 P2d 327 (1933), the court reviewed several cases involving banks that had entered into agreements in violation of a statute. The court implied that a distinction should be made between a statute "which merely regulates the internal mechanism of the bank so as to facilitate the convenience of some later operation" and "one which concerns itself with the well being of the bank and which protects the * * * depositor." *Schramm v. Bank of California, supra,* 143 Or at 574.

We conclude that ORS 707.160 is designed to protect the public from the harm that could result from dubious banking practices or dishonest opportunists. While all banking laws are intended to promote the safety of banks and, thus, ultimately their depositors, ORS 707.160 was enacted to ensure that no banking be transacted before a bank's organizers are determined to be qualified. The alleged agreement was entered into in violation of the statute. It is void. We find no error.

Affirmed.